<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| United States Bankruptcy Court for the: | |
| District of Delaware | |
| (State) | |
| Case number *(if known)*: _____ Chapter **11** | |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Things Remembered, Inc.** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years | **N/A** |
|---|---|---|
| | Include any assumed names, trade names, and *doing business as* names | |

| 3. | Debtor's federal Employer Identification Number (EIN) | **34-1532696** |
|---|---|---|

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **5500 Avion Park Dr.** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **Highland Heights**     **OH**     **44143** | |
| City                State       Zip Code | City                          State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Cuyahoga County** | |
| County | Number          Street |
| | |
| | City                          State      Zip Code |

| 5. | Debtor's website (URL) | **http://www.thingsremembered.com** |
|---|---|---|

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | Things Remembered, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4539 (Other Miscellaneous Store Retailers)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | | When | MM/DD/YYYY | Case number | |
| | District | | When | MM/DD/YYYY | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **District of Delaware** | When | **02/06/2019** MM / DD / YYYY |
| Case number, if known | _____ | | |

| Debtor | Things Remembered, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                              State      Zip Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(On a Consolidated Basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☒ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999p | | | | |

**15. Estimated assets**

**(On a Consolidated Basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☒ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

[1] The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

Debtor     Things Remembered, Inc.                                    Case number *(if known)*
      Name

| **16. Estimated liabilities** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
|---|---|---|---|---|---|---|
| **(On a Consolidated Basis)** | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      02/06/2019
                 MM/ DD / YYYY

✗ _____          Robert J. Duffy
   Signature of authorized representative of debtor      Printed name

   Title    **Chief Restructuring Officer**

**18. Signature of attorney**

✗ _____          Date    02/06/2019
   Signature of attorney for debtor                    MM/ DD/YYYY

   **Adam G. Landis**
   Printed name

   **Landis Rath & Cobb LLP**
   Firm name

   **919 Market Street, Suite 1800**
   Number          Street

   **Wilmington**                              **Delaware**    **19801**
   City                                        State          ZIP Code

   **(302) 467-4400**                          landis@lrclaw.com
   Contact phone                               Email address

   **3407**                        **Delaware**
   Bar number                      State

Fill in this information to identify the case:

United States Bankruptcy Court for the:

_____ District of Delaware _____
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

## Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Things Remembered, Inc.

- Things Remembered, Inc.
- TRM Holdco Corp.
- TRM Holdings Corporation

## OMNIBUS WRITTEN CONSENT OF THE BOARDS OF
## TRM HOLDCO CORP., TRM HOLDINGS CORPORATION,
## THINGS REMEMBERED, INC., AND THINGS REMEMBERED CANADA, INC.

### Dated as of February 3, 2019

WHEREAS, the undersigned, being members of the boards of directors (the "Boards") of the applicable entity set forth on Annex A attached hereto (each, a "Company," and, collectively, the "Companies"), hereby take the following actions and adopt the following resolutions by written consent (this "Consent") pursuant to the organizational documents of each Company and the laws of the state of Delaware, or the Business Corporations Act (New Brunswick), as applicable:

WHEREAS, the Boards have considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each of the Companies, the strategic alternatives available to it, and the effect of the foregoing on the Companies' business;

WHEREAS, the Boards have had the opportunity to consult with the management and the financial and legal advisors of each Company and fully consider each of the strategic alternatives available to each Company;

WHEREAS, Enesco, LLC ("Enesco") has provided the Companies with an indication of interest with respect to Enesco's proposed purchase of certain assets from Things Remembered, Inc. and Things Remembered Canada, Inc. (the "Purchased Companies"). Enesco and the Companies have negotiated an asset purchase agreement to govern the terms of Enesco's purchase of the Purchased Companies (the "APA"), subject to the receipt of a higher or otherwise better offer and a "fiduciary out;"

WHEREAS, the Boards have reviewed the APA (together with each of the other certificates, documents, agreements, and schedules contemplated under the APA, the "APA Documents"), and after due consideration and deliberation, determined that each of the transactions contemplated by the APA and the APA Documents (the "APA Transactions") are advisable, fair to, and in the best interests of the Purchased Companies and their stockholders;

WHEREAS, the sale to Enesco is subject to the Companies' filing a motion (the "Sale Motion") with the Bankruptcy Court (as defined herein), seeking, among other things, approval of (i) an auction process (the "Auction") that will govern the marketing and sale of the Business through certain bidding procedures (the "Bidding Procedures") to Enesco or another bidder with the highest or otherwise best offer (such bidder, the "Successful Bidder") and (ii) Enesco as the stalking horse bidder and certain related bid protections;

WHEREAS, certain of the Companies, with the assistance of their advisors, has formulated a plan of reorganization under chapter 11 of the Bankruptcy Code (the "Plan") to resolve outstanding claims against and equity interests in the Debtors and a disclosure statement for soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "Disclosure Statement");

WHEREAS, the board of Things Remembered Canada, Inc. ("TR Canada") has had the opportunity to consult with TR Canada's financial and legal advisors and recommends filing a notice of intention to make a proposal pursuant to the *Bankruptcy and Insolvency Act* (Canada) (the "BIA") and to appoint Richter Advisory Group Inc. to act as trustee;

WHEREAS, TR Canada will need to execute in a timely manner in the coming days and weeks several documents with respect to the proceedings under the BIA, the sale of its assets as well as certain arrangements with its stakeholders;

WHEREAS, the special committee of TRM Holdco Corp. formed on December 21, 2018 (the "Special Committee") has had an opportunity to consult with each Company's financial and legal advisors and review the chapter 11 preparation materials and APA Documents provided by each Company's financial and legal advisors, and the Special Committee recommends the filing of chapter 11 petitions, filing of the Plan and Disclosure Statement, entry into the APA Documents and APA Transactions, and the Auction contemplated by the Sale Motion; and

WHEREAS, pursuant to the written consent appointing the Special Committee (the "Special Committee Consent"), the Independent Directors (as defined in the Special Committee Consent), and any other director whom the Independent Directors shall determine are not conflicted shall participate in any Board decision in respect of a Transaction (as defined in the Special Committee Consent); and

WHEREAS, the Independent Directors have determined that only the Independent Directors shall participate in the decisions contemplated by this Consent.

NOW, THEREFORE, BE IT,

**Chapter 11 Filing**

RESOLVED, that in the judgment of the Boards, it is desirable and in the best interests of each TRM Holdco Corp., TRM Holdings Corporation, and Things Remembered, Inc., (the "Chapter 11 Entities") (including a consideration of each Chapter 11 Entity's creditors and other parties in interest) that each Chapter 11 Entity shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

RESOLVED, that the Chief Executive Officer, the Chief Restructuring Officer, the Chief Financial Officer, the President, the General Counsel, the Chief Operating Officer, any Senior Vice President, any Vice President, any Assistant Vice President, or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to (i) execute and file on behalf of the respective Chapter 11 Entity all petitions, affidavits, declarations, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Chapter 11 Entity's business; (iii) appear as

necessary· at all bankruptcy proceedings on behalf of each Chapter 11 Entity; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

**Chapter 11 Plan and Disclosure Statement Filing**

RESOLVED, that, in the judgment of the Boards, it is in the best interests of the Chapter 11 Entities, their creditors, and other parties in interest for the Chapter 11 Entities to file the Plan and the Disclosure Statement with the Bankruptcy Court. Each of the Authorized Signatories is authorized and directed on behalf of the Chapter 11 Entities to execute and file, on behalf of the Chapter 11 Entities, the Plan and Disclosure Statement with the Bankruptcy Court.

**BIA Filing**

RESOLVED, that Robert J. Duffy, the Chief Restructuring Officer of TR Canada, is hereby authorized, for and on behalf of TR Canada, to sign all documents and do all things necessary or useful with respect to the proceedings under the BIA, the sale of the TR Canada's assets as well as the execution of certain arrangements with the TR Canada's stakeholders.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Landis Rath & Cobb LLP ("LRC") as local bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of LRC.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Berkeley Research Group, LLC ("BRG") to provide a Chief Restructuring Officer and Chief Financial Officer to, among other things, assist the Companies in evaluating their Business and prospects, developing a long-term business plan, developing financial data for evaluation by the Boards, creditors, or other third parties, as requested by each Company, evaluating each Company's capital structure, responding to issues related to each Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of each Company's assets; and in connection therewith, each of the Authorized

3

Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BRG.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firms of Stifel, Nicolaus & Co., Inc. and Miller Buckfire & Co. LLC (collectively "Stifel/MB") as financial advisors and investment bankers to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Stifel/MB.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Prime Clerk, LLC ("Prime Clerk") as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Davies Ward Phillips & Vineberg LLP ("DWPV") as acting Canadian counsel to represent and assist TR Canada in carrying out its duties under the BIA, and to take any and all actions to advance TR Canada's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of DWPV.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral and Adequate Protection**

RESOLVED, that the Chapter 11 Entities will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Third Amendment and Seventh Waiver to Amended and Restated Credit Agreement, dated as of January 30, 2018 (as amended, restated, and supplemented from time to time), by and among TRM Holdings Corporation ("Holdings"), Things Remembered, Inc., as borrower, Holdings, as guarantor, and Cortland Capital Market Services LLC, as administrative agent and collateral agent (the "Agent").

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral pursuant to the disbursements and receipts set forth in the 13-week budget (the "Cash Collateral Budget"), and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Cash Collateral Budget and Cash Collateral Order to which each Chapter 11 Entity is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Officers of each Chapter 11 Entity be, and hereby is, authorized and empowered, in the name of and on behalf of each Chapter 11 Entity, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Chapter 11 Entity is or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Boards, with such changes, additions, and modifications thereto as the officers of each Chapter 11 Entity executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that each Chapter 11 Entity, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Cash Collateral Transactions"), including granting liens on its assets to secure such obligations.

RESOLVED, that each of the Authorized Signatories of each Chapter 11 Entity be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Cash Collateral Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the Cash Collateral Credit Documents, which shall in their sole judgment be necessary, proper, or advisable to perform each Chapter 11 Entity's obligations under or in connection with the Cash Collateral Order or any of the other Cash

Collateral Credit Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**Entry into Stalking Horse Asset Purchase Agreement**

RESOLVED, that the Purchased Companies are authorized to enter into the APA Documents and APA with Enesco for the sale of the Business and to undertake any and all related transactions contemplated thereby, including the APA Transactions, the Auction, and the bid protections, on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable.

RESOLVED, that each of the Authorized Signatories of each Purchased Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Purchased Company to execute, on behalf of the Purchased Companies, the APA and APA Documents, and to execute and file, on behalf of the Purchased Companies, the Sale Motion with the Bankruptcy Court.

RESOLVED, that each of the Authorized Signatories of each Purchased Company be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Purchased Company to conduct the Auction as approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures and to negotiate, for and on behalf of the Purchased Companies, such agreements, documents, assignments and instruments as may be necessary, appropriate or desirable in connection with the sale to Enesco or the Successful Bidder.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the Boards have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Boards.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

* * * * *

**IN WITNESS WHEREOF**, the Boards hereby adopt the foregoing written Consent, as of the first date written above.  This Consent may be executed in counterparts, each of which shall be deemed an original for all purposes, and all of which together shall constitute one and the same Consent.

*[Remainder of page intentionally left blank]*

**TRM HOLDCO CORP.**

_____
Matthew Kahn

_____
Michael Appel

_____
Brent Kugman

_[Consent Signature Page]_

**TRM HOLDCO CORP.**

_____

Matthew Kahn

_____

Michael Appel

_____

Brent Kugman

**TRM HOLDCO CORP.**

_____
Matthew Kahn


_____
Michael Appel


_____
Brent Kugman

**TRM HOLDINGS CORPORATION**

Michael Appel

_____

Brent Kugman

**TRM HOLDINGS CORPORATION**

_____
Michael Appel

_____
Brent Kugman

**THINGS REMEMBERED, INC.**

_____
Michael Appel

_____
Brent Kugman

**THINGS REMEMBERED, INC.**

_____
Michael Appel

_____
Brent Kugman

**THINGS REMEMBERED CANADA, INC.**

Michael Appel

_____
Brent Kugman

*[Consent Signature Page]*

**THINGS REMEMBERED CANADA, INC.**

_____
Michael Appel

_____
Brent Kugman

## Annex A

| Company |
| --- |
| TRM Holdco. Corp. |
| TRM Holdings Corporation |
| Things Remembered, Inc. |
| Things Remembered Canada, Inc. |

**Fill in this information to identify the case:**

Debtor name: Things Remembered, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (if known):

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. §

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | CORTLAND CAPITAL MARKET SERVICES LLC ATTN: MAGGIE WELCH AND LEGAL DEPARTMENT 225 W. WASHINGTON ST. 9TH FLOOR CHICAGO, IL 60606 | CORTLAND CAPITAL MARKET SERVICES LLC ATTN: MAGGIE WELCH AND LEGAL DEPARTMENT PHONE: 312-564-5100 FAX: 312-376-0751 EMAIL: CHRIS.CAPEZUTI@CORTLANDGLOBAL.COM; MAGGIE.WELCH@CORTLANDGLOBAL.COM | BANK DEBT | UNLIQUIDATED | | | UNDETERMINED |
| 2 | WINKO INTERNATIONAL PRODUCTS LTD. ATTN: RAYMOND LO, DIRECTOR 3F, KWAI FONG INDUSTRIAL BLDG 9-15 KWAI CHEONG ROAD KWAI CHUNG, N T HONG KONG | WINKO INTERNATIONAL PRODUCTS LTD. ATTN: RAYMOND LO, DIRECTOR PHONE: 852- 2421- 7679 FAX: 852-2420-2160 EMAIL: RAYMOND@WINKO.COM.HK | TRADE PAYABLE | N/A | | | $3,610,037.81 |
| 3 | GOOGLE, INC. ATTN: SUNDAR PICHAI, CHIEF EXECUTIVE OFFICER DEPT 34631 PO BOX 39000 SAN FRANCISCO, CA 94139 GOOGLE, INC. ATTN: SUNDAR PICHAI, CHIEF EXECUTIVE OFFICER 1600 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA 94043 | GOOGLE, INC. ATTN: SUNDAR PICHAI, CHIEF EXECUTIVE OFFICER PHONE: 650-253-0000 FAX: 650-253-0001 EMAIL: SUNDAR@GOOGLE.COM | TRADE PAYABLE | N/A | | | $3,534,828.01 |
| 4 | LI & FUNG TRADING LTD ATTN: SPENCER FUNG, CHIEF EXECUTIVE OFFICER 1/F HK SPINNERS IND BLDG, PHASE 1 & 2 800 CHEUNG SHA WAN RD KOWLOON HONG KONG SINGAPORE | LI & FUNG TRADING LTD ATTN: SPENCER FUNG, CHIEF EXECUTIVE OFFICER PHONE: 852-2300-5000 FAX: 2300 -5767 EMAIL: SECRETARIAT@LIFUNG.COM | TRADE PAYABLE | N/A | | | $2,847,540.17 |
| 5 | UNITED PARCEL SERVICE ATTN: DAVID ABNEY, CHAIRMAN AND CHIEF EXECUTIVE OFFICER LOCKBOX 577 CAROL STREAM, IL 60132-0577 UNITED PARCEL SERVICE ATTN: DAVID ABNEY, CHAIRMAN AND CHIEF EXECUTIVE OFFICER 55 GLENLAKE PARKWAY NE ATLANTA, GA 30328 | UNITED PARCEL SERVICE ATTN: DAVID ABNEY, CHAIRMAN AND CHIEF EXECUTIVE OFFICER PHONE: 404-828-6000 FAX: 404-828-6912 EMAIL: DABNEY@UPS.COM | TRADE PAYABLE | N/A | | | $1,522,580.74 |
| 6 | HIGH-HILL-GREEN INTERNATIONAL ATTN: AARON LIU 3 ALY 202 KUO-FONG RD. HSIN-CHU HSIN-CHU, HSZ 301 TAIWAN HIGH-HILL-GREEN INTERNATIONAL ATTN: AARON LIU JIANG CHUN INDUSTRIAL SECTION CONGHUA GUANG ZHOU TAIWAN | HIGH-HILL-GREEN INTERNATIONAL ATTN: AARON LIU EMAIL: AARON@HSIN.LINN.COM.TW | TRADE PAYABLE | N/A | | | $1,363,363.92 |
| 7 | RAKUTEN MARKETING LLC ATTN: STUART SIMMS, CHIEF EXECUTIVE OFFICER 215 PARK AVE SOUTH 9TH FL NEW YORK, NY 10003 | RAKUTEN MARKETING LLC ATTN: STUART SIMMS, CHIEF EXECUTIVE OFFICER PHONE: 646-943-8200 FAX: 646-943-8204 EMAIL: BILLY.HUANG@RAKUTEN.COM | TRADE PAYABLE | N/A | | | $585,097.67 |
| 8 | JEWELRY CONCEPTS, INC. ATTN: EARL FEENEY 41 WESTERN INDUSTRIAL DRIVE CRANSTON, RI 02921 | JEWELRY CONCEPTS, INC. ATTN: EARL FEENEY PHONE: 401 -228-8586 FAX: 401-732-1305 EMAIL: EARLF@JEWELRYCONCEPTS.COM | TRADE PAYABLE | N/A | | | $574,102.49 |
| 9 | CORKCICLE ATTN: BENJAMIN HEWITT, PRESIDENT PO BOX 547965 ORLANDO, FL 32854 CORKCICLE ATTN: BENJAMIN HEWITT, PRESIDENT 1300 BROOKHAVEN DRIVE SUITE 2 ORLANDO, FL 32803 | CORKCICLE ATTN: BENJAMIN HEWITT, PRESIDENT PHONE: 866-780-0007 EMAIL: EMILLER@CORKCICLE.COM | TRADE PAYABLE | N/A | | | $473,546.46 |
| 10 | GRAVOGRAPH ATTN: DON KIRCH 2200 NORTHMONT PKWY DULUTH, GA 30096 | GRAVOGRAPH ATTN: DON KIRCH PHONE: 800-843-7637; 770-623-0331 FAX: 770-495-3676 EMAIL: DON.KIRCH@GRAVOTECH.COM | TRADE PAYABLE | N/A | | | $376,135.28 |

Debtor: Things Remembered, Inc.

Case number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | JELLYFISH INC<br>ATTN: ROB PIERRE, CHIEF EXECUTIVE OFFICER<br>729 E PRATT STREET<br>SUITE 600<br>BALTIMORE, MD 21202<br><br>JELLYFISH INC<br>ATTN: ROB PIERRE, CHIEF EXECUTIVE OFFICER<br>250 SOUTH PRESIDENT ST, SUITE 10<br>BALTIMORE, MD 21202 | JELLYFISH INC<br>ATTN: ROB PIERRE, CHIEF EXECUTIVE OFFICER<br>PHONE: 443-927-1669<br>EMAIL: JESSICA.VELKY@JELLYFISH.NET | TRADE PAYABLE | | | | $361,642.91 |
| 12 | LOTUS MJYX<br>ATTN: MICHAEL REYNOLDS<br>30 CORONADO ROAD<br>WARWICK, RI 02886 | LOTUS MJYX<br>ATTN: MICHAEL REYNOLDS<br>PHONE: 401-921-5216<br>FAX: 401-921-5218<br>EMAIL: MREYNOLDS@REYNSINT.COM | TRADE PAYABLE | N/A | | | $357,402.79 |
| 13 | HOMELAND INDUSTRIAL LTD CO<br>ATTN: DANIEL HUANG<br>NO.1, TIANYANGYI RD, INDUSTRIAL AREA OF<br>DATIANYANG<br>SONGGANG, BAOAN,<br>SHENZHEN, GUANGDONG 518105<br>HONG KONG | HOMELAND INDUSTRIAL LTD CO<br>ATTN: DANIEL HUANG<br>PHONE: 886-4-2376-1658<br>FAX: 886-4-2376-1534<br>EMAIL: DANIELHUANG@ORLEATHER.COM | TRADE PAYABLE | N/A | | | $347,533.44 |
| 14 | CHU KWUN KEE METAL MANUFACTORY<br>ATTN: IRIS CHAN<br>6/F, CKK INDUSTRIAL BUILDING<br>1 ON LOK MUN STREET<br>FANLING<br>HONG KONG | CHU KWUN KEE METAL MANUFACTORY<br>ATTN: IRIS CHAN<br>PHONE: 852-2425-9221<br>FAX: 852-2489-1367<br>EMAIL: IRIS@CKK.COM.HK | TRADE PAYABLE | N/A | | | $341,043.77 |
| 15 | BOETLER BRANDS<br>ATTN: WALLY GULLICK<br>PO BOX 8741<br>CAROL STREAM, IL 60197-8741<br><br>BOETLER BRANDS<br>ATTN: WALLY GULLICK<br>4200 NORTH PORT WASHINGTON RD<br>GLENDALE, WI 53212 | BOETLER BRANDS<br>ATTN: WALLY GULLICK<br>PHONE: 262-523-6200<br>FAX: 262-523-6003<br>EMAIL: WGULLICK@BOETLER.COM | TRADE PAYABLE | N/A | | | $333,234.62 |
| 16 | STAPLES BUSINESS ADVANTAGE<br>ATTN: CRISTINA GONZALEZ, CHIEF LEGAL COUNSEL<br>PO BOX 660409<br>DALLAS, TX 75266-0409<br><br>STAPLES BUSINESS ADVANTAGE<br>ATTN: CRISTINA GONZALEZ, CHIEF LEGAL COUNSEL<br>125 MUSHROOM BLVD<br>ROCHESTER, NY 14623 | STAPLES BUSINESS ADVANTAGE<br>ATTN: CRISTINA GONZALEZ, CHIEF LEGAL COUNSEL<br>PHONE: 585-424-3600<br>FAX: 585-424-3609<br>EMAIL: CRISTINA.GONZALEZ@STAPLES.COM | TRADE PAYABLE | N/A | | | $308,151.33 |
| 17 | FOSSIL PARTNERS LP<br>ATTN: DARREN HART, EXECUTIVE VICE-PRESIDENT<br>PO BOX 200345<br>DALLAS, TX 75320-0345<br><br>FOSSIL PARTNERS LP<br>ATTN: DARREN HART, EXECUTIVE VICE-PRESIDENT<br>901 S CENTRAL EXPY<br>RICHARDSON, TX 75080 | FOSSIL PARTNERS LP<br>ATTN: DARREN HART, EXECUTIVE VICE-PRESIDENT<br>PHONE: 972-234-2525<br>FAX: 972-238-2553<br>EMAIL: DARREN.HART@FOSSIL.COM | TRADE PAYABLE | N/A | | | $297,680.00 |
| 18 | SODEXO ROTH<br>ATTN: RANDY SETTIMIO, VICE PRESIDENT<br>PO BOX 360170<br>PITTSBURGH, PA 15251-6170<br><br>SODEXO ROTH<br>ATTN: RANDY SETTIMIO, VICE PRESIDENT<br>3847 CRUM RD<br>YOUNGSTOWN, OH 44515 | SODEXO ROTH<br>ATTN: RANDY SETTIMIO, VICE PRESIDENT<br>PHONE: 800-872-7684;<br>330-793-5571<br>FAX: 330-793-3930<br>EMAIL: GWYN.HOFFMAN@SODEXO.COM | TRADE PAYABLE | N/A | | | $286,633.25 |
| 19 | IGNITE USA<br>ATTN: SAMI EL-SADEN, PRESIDENT<br>75 REMITTANCE DRIVE<br>SUITE 1167<br>CHICAGO, IL 60675-1167<br><br>IGNITE USA<br>ATTN: SAMI EL-SADEN, PRESIDENT<br>954 W. WASHINGTON BLVD.<br>MC 37, 7TH FLOOR<br>CHICAGO, IL 60607 | IGNITE USA<br>ATTN: SAMI EL-SADEN, PRESIDENT<br>PHONE: 312-432-6223<br>FAX: 312-432-6224<br>EMAIL: JENNIFER.COOPER2@NEWELLCO.COM | TRADE PAYABLE | N/A | | | $276,135.70 |
| 20 | ALLIED DOOR & MAINTENANCE, INC<br>ATTN: PAUL PENKALA, OWNER<br>325 N WARREN STREET<br>SUITE A<br>WEST HAZLETON, PA 18202 | ALLIED DOOR & MAINTENANCE, INC<br>ATTN: PAUL PENKALA, OWNER<br>PHONE: 866-287-1362<br>FAX: 570-454-3113<br>EMAIL: PAULP@ALLIEDDOORONLINE.COM | TRADE PAYABLE | N/A | | | $248,401.55 |
| 21 | BULOVA CORPORATION<br>ATTN: PAUL L. HOFFMAN<br>P O BOX 36138<br>NEWARK, NJ 07188<br><br>BULOVA CORPORATION<br>ATTN: PAUL L. HOFFMAN<br>EMPIRE STATE BUILDING<br>350 FIFTH AVENUE<br>NEW YORK, NY 10118 | BULOVA CORPORATION<br>ATTN: PAUL L. HOFFMAN<br>PHONE: 212-497-1875<br>FAX: 718-204-3546<br>EMAIL: PHOFFMAN@CITIZENWATCHGROUP.COM | TRADE PAYABLE | N/A | | | $239,539.69 |
| 22 | WATERFORD WEDGWOOD<br>ATTN: KAREN MCLAUGHLIN<br>WWRD US, LLC<br>32501 COLLECTION DRIVE<br>CHICAGO, IL 60693-0325 | WATERFORD WEDGWOOD<br>ATTN: KAREN MCLAUGHLIN<br>PHONE: 732-938-5800<br>FAX: 732-378-2120; 732-938-6915<br>EMAIL: KAREN.MCLAUGHLIN@FISKARS.COM | TRADE PAYABLE | N/A | | | $237,644.40 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 23 | FORTUNE UNION ENTERPRISES LTD ATTN: JACOB LEE, DIRECTOR FLAT 19, 11/F LEADER INDUSTRIAL CENTRE 57-59 AU PAI WAN ST., FO TAN HONG KONG | FORTUNE UNION ENTERPRISES LTD ATTN: JACOB LEE, DIRECTOR PHONE: 852-2947-7386 FAX: 852-2947-7296 EMAIL: FL@FORTUNEUNION.COM | TRADE PAYABLE | N/A | | | $232,160.74 |
| 24 | CONSOLIDATED GRAPHICS GROUP INC. ATTN: KENNETH A. LANCI, CHAIRMAN AND CHIEF EXECUTIVE OFFICER GRAPHIC ARTS  CENTRE 1614 EAST 40TH STREET CLEVELAND, OH 44103-2319 | CONSOLIDATED GRAPHICS GROUP INC. ATTN: KENNETH A. LANCI, CHAIRMAN AND CHIEF EXECUTIVE OFFICER PHONE: 216-881-9191 FAX: 216-881-3442 EMAIL: JBARBALICS@CSINC.COM | TRADE PAYABLE | N/A | | | $228,531.31 |
| 25 | BRUCE DIAMOND CORPORATION ATTN: STEVE PULESTON, PRESIDENT 1231 COUNTY ST. ATTLEBORO, MA 02703 | BRUCE DIAMOND CORPORATION ATTN: STEVE PULESTON, PRESIDENT PHONE: 800-346-8802 FAX: 800-552-7823 EMAIL: STEVEP@BRUCEDIAMOND.COM | TRADE PAYABLE | N/A | | | $211,259.62 |
| 26 | FIRST INSIGHT INC ATTN: GREG PETRO, PRESIDENT 2000 ERICSSON DRIVE SUITE 200 WARRENDALE, PA 15086-6507 | FIRST INSIGHT INC ATTN: GREG PETRO, PRESIDENT PHONE: 724-759-7141 FAX: 724-759-7498 EMAIL: GREG.PETRO@FIRSTINSIGHT.COM | TRADE PAYABLE | N/A | | | $208,000.00 |
| 27 | WILD & WOLF INC ATTN: RAQUEL WELSH 432 PARK AVE SOUTH 15TH FLOOR NEW YORK, NY 10016 | WILD & WOLF INC ATTN: RAQUEL WELSH PHONE: 866-285-4407 FAX: 703-563-6031 EMAIL:  RAQUEL.WELSH@WILDANDWOLF.COM | TRADE PAYABLE | N/A | | | $171,673.70 |
| 28 | MIDSTATES MEDIA ATTN: ROGER FEICKERT, PRESIDENT 4820 CAPITAL AVE NE PO BOX 940 ABERDEEN, SD 57402-0940 | MIDSTATES MEDIA ATTN: ROGER FEICKERT, PRESIDENT PHONE: 605-225-5287 EMAIL: KIMW@MIDSTATESGROUP.COM | TRADE PAYABLE | N/A | | | $165,402.32 |
| 29 | CRITEO CORP ATTN: JEAN-BAPTISTE RUDELLE, GENERAL COUNSEL PO BOX 392422 PITTSBURGH, PA 15251-9422  CRITEO CORP ATTN: JEAN-BAPTISTE RUDELLE, GENERAL COUNSEL 387 PARK AVE SOUTH, 12TH FLOOR NEW YORK, NY 10016  CRITEO CORP ATTN: JEAN-BAPTISTE RUDELLE, GENERAL COUNSEL 32 RUE BLANCHE PARIS 75009 FRANCE | CRITEO CORP ATTN: JEAN-BAPTISTE RUDELLE, GENERAL COUNSEL PHONE: 646-410-0400; 33-140-40-22-90 FAX: 646-410-0234; 33-140-40-22-30 EMAIL: J.RICCIARDI@CRITEO.COM | TRADE PAYABLE | N/A | | | $157,524.92 |
| 30 | MINKA WRITING INSTRUMENTS LTD. ATTN: ALEX LIN NO. 8 ALLEY 1, LANE 426 CHIN CHOW ST TAIPAI TAIWAN | MINKA WRITING INSTRUMENTS LTD. ATTN: ALEX LIN PHONE: 886-2-2515-7589 FAX: 886-2-2502-5462 EMAIL: ALEX@MINKA.NET | TRADE PAYABLE | N/A | | | $149,630.91 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THINGS REMEMBERED, INC., | Case No. 19-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Things Remembered, Inc. | TRM Holdings Corporation | 5500 Avion Park Dr., Highland Heights OH 44143 | 100% |

---

[2]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.    All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THINGS REMEMBERED, INC., | Case No. 19-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| TRM Holdings Corporation | 100% |

Fill in this information to identify the case and this filing:

| Debtor Name | Things Remembered, Inc. |
|---|---|
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING — Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 02/06/2019 | |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Robert J. Duffy** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors