# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THINGS REMEMBERED, INC., *et al.*,[1] | ) Case No. 19-10234 (__) |
| | ) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |
| | ) **Re: Docket No. 15** |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME THE CONSULTANT AGREEMENT, (II) APPROVING PROCEDURES FOR STORE CLOSING SALES, (III) APPROVING THE IMPLEMENTATION OF CUSTOMARY STORE BONUS PROGRAM AND PAYMENTS TO NON-INSIDERS THEREUNDER, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing the Debtors to assume the Consultant Agreement (the "Consultant Agreement"), a copy of which is attached hereto as **Exhibit 1**; (b) authorizing and approving the conduct of store closing or similar themed sales in accordance with the terms of the store closing procedures (the "Store Closing Procedures") attached hereto as **Exhibit 2**, with such sales to be free and clear of all liens, claims and encumbrances; (c) authorizing the Debtors to conduct the Store Closings; (d) approving of the implementation of a bonus program (the "Store Bonus Program") and authorizing payments thereunder to certain non-insider employees on a final basis only; (e) scheduling a final hearing to consider approval of the Motion on a final basis; and (f) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Things Remembered, Inc. (2696); TRM Holdco Corp. (5858); and TRM Holdings Corporation (2354). The location of the Debtors' service address is: 5500 Avion Park Drive, Highland Heights, Ohio 44143.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY FOUND AND DETERMINED THAT:[3]

1.      The Debtors have advanced sound business reasons for seeking to assume the Consultant Agreement and adopt the Store Closing Procedures, on an interim basis subject to the Final Hearing, as set forth in the Motion and at the Hearing, and entering into the Consultant Agreement is a reasonable exercise of the Debtors' business judgment and in the best interests of the Debtors and their estates.

2.      The Consultant Agreement was negotiated, proposed, and entered into by the Consultant and the Debtors without collusion, in good faith and from arm's length bargaining positions.

---

[3]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* Fed. R. Bankr. P. 7052

3.     The assumption of the Consultant Agreement, a copy of which is attached hereto as **Exhibit 1**, on an interim basis is a sound exercise of the Debtors' business judgment.

4.     The Store Closing Procedures, as described in the Motion and as attached as **Exhibit 2** hereto, are reasonable and appropriate; and, the conduct of the Sales in accordance with the Store Closing Procedures will provide an efficient means for the Debtors to dispose of the Store Closure Assets.

5.     The Store Closings and Sales, in accordance with the Store Closing Procedures and with the assistance of the Consultant, will provide an efficient means for the Debtors to liquidate and dispose of the Store Closure Assets as quickly and effectively as possible, and are in the best interest of the Debtors' estates.

6.     The Dispute Resolution Procedures are fair and reasonable, and comply with applicable law.

7.     The Debtors have represented that they are neither selling nor leasing personally identifiable information pursuant to the Motion, although the Consultant will be authorized to distribute emails and promotional materials to the Debtors' customers consistent with the Debtors' existing policies on the use of consumer information—subject to the Debtors' consent on messaging.

8.     The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and the Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

9.     The entry of this Interim Order is in the best interest of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein; and now therefore it is HEREBY ORDERED THAT:

10. The Motion is granted on an interim basis as provided herein.

11. The final hearing (the "Final Hearing") on the Motion shall be held on *FEB. 28* 2019, at *11:00 a*m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on *Feb 21*, 2019, and shall be served on: (a) the Debtors, Things Remembered, Inc., 5500 Avion Park Drive, Highland Heights, Ohio 44143, Attn: Robert J. Duffy; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher T. Greco and Derek I. Hunter, and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Angela M. Snell and Spencer A. Winters; (c) proposed co-counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis and Matthew B. McGuire; (d) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy J. Fox; (e) counsel to any statutory committee appointed in these chapter 11 cases; (f) the agent under the Debtors' prepetition asset-based facility and prepetition term loan facility, Cortland Capital Market Services LLC, 225 W. Washington St., 9th Floor, Chicago, Illinois 60606, Attn: Maggie Welch and Legal Department; (g) counsel to the Prepetition Agent, (i) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: David N. Griffiths and Lisa Lansio, and (ii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington Delaware 19801, Attn: Zachary I. Shapiro; and (h) counsel to the Consultant, Pepper Hamilton LLP, 1313 N. Market Street, Suite 5100, Wilmington, Delaware, 19801, Attn: Douglas D. Herrmann and Marcy J. McLaughlin. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

12.     The Debtors are authorized and empowered to take any and all further actions as may be reasonably necessary or appropriate to give effect to this Interim Order.

13.     To the extent of any conflict between this Interim Order, the Store Closing Procedures, and the Consultant Agreement, the terms of this Interim Order shall control over all other documents and the Store Closing Procedures shall control over the Consultant Agreement.

14.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall take effect immediately upon its entry.

I.     **Authority to Assume the Consultant Agreement.**

15.     The assumption of the Consultant Agreement by the Debtors pursuant to section 365 of the Bankruptcy Code is approved on an interim basis.  The Debtors are authorized to act and perform in accordance with the terms of the Consultant Agreement, including, making payments required by the Consultant Agreement to the Consultant without the need for any application of the Consultant or a further order of the Court.

16.     Subject to the restrictions set forth in this Interim Order and the Store Closing Procedures, the Debtors and the Consultant hereby are authorized to take any and all actions as may be necessary or desirable to implement the Consultant Agreement and the Sales; and each of the transactions contemplated by the Consultant Agreement, and any actions taken by the Debtors and the Consultant necessary or desirable to implement the Consultant Agreement and/or the Sales prior to the date of this Interim Order, are hereby approved and ratified.

17.     Notwithstanding anything to the contrary in section 1.A.(xi) of the Consultant Agreement, the scope of the Consultant's services to be provided pursuant to the Consultant Agreement as approved by this Interim Order shall not include the provision of legal advice.

18.     Notwithstanding anything to the contrary in the Consultant Agreement, the Debtors and their estates shall not indemnify the Consultant for any damages arising primarily out of the Consultant's fraud, willful misconduct, or gross negligence.

## II.     Authority to Engage in Sales and Conduct Store Closings.

19.     The Debtors are authorized, on an interim basis pending the Final Hearing, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to immediately continue and conduct Sales at the Closing Stores in accordance with this Interim Order, the Store Closing Procedures, and the Consultant Agreement, as may be modified by any Side Letters (as defined below) between the Debtors and/or the Consultant and the landlords at the Closing Stores.

20.     The Store Closing Procedures are approved in their entirety on an interim basis.

21.     The Debtors are authorized to discontinue operations at the Closing Stores in accordance with this Interim Order and the Store Closing Procedures.

22.     All entities that are presently in possession of some or all of the Store Closure Assets in which the Debtors hold an interest that are or may be subject to the Consultant Agreement or this Interim Order hereby are directed to surrender possession of such Store Closure Assets to the Debtors or the Consultant.

23.     Neither the Debtors nor the Consultant nor any of their officers, employees, or agents shall be required to obtain the approval of any third party, including, without limitation, any Governmental Unit (as defined in Bankruptcy Code section 101(27)) or landlord, to conduct the Sales and to take the related actions authorized herein.

## III.     Conduct of the Sales.

24.     All newspapers and other advertising media in which the Sales may be advertised and all landlords are directed to accept this Interim Order as binding authority so as to authorize the Debtors and the Consultant to conduct the Sales and the sale of Store Closure Assets pursuant

to the Consultant Agreement, including, without limitation, to conduct and advertise the sale of the Store Closure Assets in the manner contemplated by and in accordance with this Interim Order, the Store Closing Procedures, and the Consultant Agreement.

25.    The Debtors and Consultant are hereby authorized to take such actions as may be necessary and appropriate to implement the Consultant Agreement and to conduct the Store Closings without necessity of further order of this Court as provided in this Interim Order, the Consultant Agreement, or the Store Closing Procedures, as may be modified by a Side Letter, including, but not limited to, advertising the sale as a "store closing sale," "sale on everything," "everything must go," or similar-themed sales through the posting of signs (including the use of exterior banners at non-enclosed mall closing locations, and at enclosed mall closing locations to the extent the applicable closing location entrance does not require entry into the enclosed mall common area), use of signwalkers, and street signage; *provided*, *however*, that only Debtor-approved terminology will be used at each Closing Store in connection with the Sales.

26.    Notwithstanding anything herein to the contrary, and in view of the importance of the use of sign-walkers, banners, and other advertising to the sale of the Store Closure Assets, to the extent that, prior to the Final Hearing, disputes arise during the course of such sale regarding laws regulating the use of sign-walkers, banners, or other advertising and the Debtors and the Consultant are unable to resolve the matter consensually, any party may request an immediate telephonic hearing with this Court pursuant to these provisions. Such hearing will, to the extent practicable, be scheduled initially no later than the earlier of (a) the Final Hearing, or (b) within two (2) business days of such request. This scheduling shall not be deemed to preclude additional hearings for the presentation of evidence or arguments as necessary.

27.    Except as expressly provided in the Consultant Agreement or this Interim Order, the sale of the Store Closure Assets shall be conducted by the Debtors and the Consultant notwithstanding any restrictive provision of any lease, sublease, restrictive covenant, or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Store Closings or the Sales (including the sale of the Store Closure Assets), or the abandonment of assets, or "going dark" provisions, and such provisions shall not be enforceable in conjunction with the Sales or the Store Closings.  Breach of any such provisions in these chapter 11 cases in conjunction with the Store Closings or the Sales shall not constitute a default under a lease or provide a basis to terminate the lease; *provided* that the Store Closings and Sales are conducted in accordance with the terms of this Interim Order, any Side Letter, and the Store Closing Procedures.  The Debtors and/or Consultant and landlords of the Closing Stores are authorized to enter into agreements ("Side Letters") between themselves modifying the Store Closing Procedures without further order of the Court, and such Side Letters shall be binding as among the Debtors, Consultant, and any such landlords.  In the event of any conflict between the Store Closing Procedures, this Interim Order, and any Side Letter, the terms of such Side Letter shall control.

28.    Except as expressly provided for herein or in the Store Closing Procedures, and except with respect to any Governmental Unit (as to which paragraphs 41 and 42 shall apply) no person or entity, including, but not limited to, any landlord, licensor, property owner, property manager, service provider, utility, or creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Sales or the sale of Store Closure Assets, or the advertising and promotion (including the posting of signs and exterior banners or the use of signwalkers) of such sales, and all such parties and persons of every nature

and description, including, but not limited to, any landlord, licensor, service provider, utility, and creditor and all those acting for or on behalf of such parties, are prohibited and enjoined from (a) interfering in any way with, obstructing, or otherwise impeding the conduct of the Sales and/or Store Closings, and/or (b) instituting any action or proceeding in any court (other than this Court) or administrative body seeking an order or judgment against, among others, the Debtors, the Consultant, or the landlords at the Closing Stores that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Sales or other liquidation sales at the Closing Stores and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease, license, or contract based upon any relief authorized herein.

29.      In accordance with and subject to the terms and conditions of the Consultant Agreement, the Consultant shall have the right to use the Stores and all related Store services, furniture, fixtures, equipment, and other assets of the Debtors for the purpose of conducting the Sales, free of any interference from any entity or person, subject to compliance with the Store Closing Procedures and this Interim Order.

30.      During the Sale Term and only up to 14 days after the Petition Date, the Consultant shall accept at the Closing Stores the Debtors' validly-issued "Personalization Certificates," "Coupons," and "Rewards Checks" that were issued by the Debtors prior to the Sale Commencement Date in accordance with the Debtors' policies and procedures as they existed on the Petition Date. After 14 days from the Petition Date, the Consultant shall cease accepting all such validly-issued "Personalization Certificates," "Coupons," and "Rewards Checks" presented in-store. The Consultant shall post a one-page notice summarizing these policy changes at the registers in each of the Closing Stores as soon as practicable following the

entry of this Order. The Consultant shall accept returns of Merchandise sold by the Debtors prior to the Sale Commencement Date up to 14 days after the Petition Date; *provided,* that such return is otherwise in compliance with the Debtors' return policies in effect as of the date such item was purchased and the customer is not repurchasing the same item so as to take advantage of the sale price being offered by the Consultant. The Consultant shall continue to administer the Debtors' customer loyalty programs in accordance with the Debtors' policies and procedures as they existed on the Petition Date; *provided*, that after 14 days from the Petition Date, any loyalty rewards must be redeemed online through the Debtors' website.

31.     All in-store sales of Store Closure Assets shall be "as is" and final as of the Sale Commencement Date. The Consultant shall hold paid-for-in-advance Merchandise sold before the Sale Commencement Date for at least seven days after the Petition Date. As to the Closing Stores, all state and federal laws relating to implied warranties for latent defects shall be complied with and are not superseded by the sale of said goods or the use of the terms "as is" or "final sales."

32.     The Consultant shall not be liable for sales taxes except as expressly provided in the Consultant Agreement and the payment of any and all sales taxes is the responsibility of the Debtors. The Debtors are directed to remit all taxes arising from the Sales to the applicable Governmental Units as and when due, *provided* that in the case of a *bona fide* dispute the Debtors are only directed to pay such taxes upon the resolution of the dispute, if and to the extent that the dispute is decided in favor of the applicable Governmental Unit. For the avoidance of doubt, sales taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other party, other than the applicable Governmental Unit for which the sales taxes are collected. The Consultant shall collect, remit to the Debtors, and account for sales taxes as and

to the extent provided in the Consultant Agreement. This Interim Order does not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state law, and does not constitute a declaratory judgment with respect to any party's liability for taxes under state law.

33. Pursuant to section 363(f) of the Bankruptcy Code, the Consultant, on behalf of the Debtors, is authorized to sell Store Closure Assets—and all sales of Store Closure Assets, whether by the Consultant or the Debtors, shall be—free and clear of any and all of any liens, claims, encumbrances, and other interests; as provided for herein because in each case, one or more of the standards set forth in section 363(f)(1)–(5) has been satisfied; *provided, however*, that any such of any liens, claims, encumbrances, and other interests shall attach to the proceeds of the sale of the Store Closure Assets with the same validity, in the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances have with respect to the Store Closure Assets, subject to any claims and defenses that the Debtors may possess with respect thereto and the Consultant's fees and expenses (as provided in the Consultant Agreement).

34. To the extent that the Debtors propose to sell or abandon FF&E that may contain personal and/or confidential information about the Debtors' employees and/or customers (the "Confidential Information"), the Debtors shall remove the Confidential Information from such items of FF&E before such sale or abandonment.

35. The Debtors and/or the Consultant (as the case may be) are authorized and empowered to transfer Store Closure Assets among, and into, the Stores. The Consultant is authorized to sell the Debtors' Offered FF&E and abandon the Debtors' FF&E, in each case, as provided for and in accordance with the terms of the Consultant Agreement, including, but not limited to, Closing Store signage. Any abandoned FF&E left in a Closing Store after the later of

the date the lease is rejected or the date the Debtors vacate the premises shall be deemed abandoned by the Debtors, and such landlord is authorized to dispose of the abandoned FF&E without further notice and without any liability to any individual or entity that may claim an interest in such property. The automatic stay is modified to the extent necessary to allow such dispositions.

36.    Notwithstanding this or any other provision of this Interim Order, nothing shall prevent or be construed to prevent the Consultant (individually, as part of a joint venture, or otherwise) or any of its affiliates from providing additional services to and/or bidding on the Debtors' assets not subject to the Consultant Agreement pursuant to a consultant agreement or otherwise ("Additional Assets"). The Consultant (individually, as part of a joint venture, or otherwise) or any of its affiliates are hereby authorized to bid on, guarantee, or otherwise acquire such Additional Assets, or offer to provide additional services, notwithstanding anything to the contrary in the Bankruptcy Code or other applicable law, *provided* that such services guarantee, transaction, or acquisition is approved by separate order of this Court.

37.    No later than five (5) days prior to the Final Hearing, the Consultant shall file a declaration disclosing connections to the Debtors, their creditors, and other parties in interest in these chapter 11 cases.

## IV.    Procedures Relating to Phase 2 Closing Stores.

38.    To the extent that the Debtors seek to conduct the Sales at any Phase 2 Closing Store, the Store Closing Procedures and this Interim Order shall apply to the Phase 2 Closing Stores.

39.    At least seven days prior to commencing a Sale at any Phase 2 Closing Store, the Debtors will (x) consult with the counsel to the agent under the Debtors' asset-based facility and term loan facility, counsel to the Stalking Horse Bidder, and the Committee, if any, (y) then file a

Phase 2 Closing Store List with the Court, and (z) serve a notice of their intent to conduct the Sales at the Phase 2 Closing Stores, which will include the Phase 2 Closing Store List, on (i) the applicable landlords (the "Phase 2 Closing Store Landlords"); (ii) the Office of the U.S. Trustee for the District of Delaware; (iii) the Committee or, if no Committee is appointed, the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Prepetition Agent; (v) counsel to the Prepetition Agent; (vi) the United States Attorney's Office for the District of Delaware; (vii) the Internal Revenue Service; (viii) the state attorneys general for all states in which the Debtors conduct business; (ix) sublessees, licensees, or concessionaries of Merchant's goods and owners of goods held by Merchant on memo, consignment, or as bailee located at Phase 2 Closing Stores; (x) the Dispute Notice Parties; and (xi) any party that requests service pursuant to Bankruptcy Rule 2002 by email or facsimile (to the extent either are available to the Debtors) or overnight mail.  With respect to Phase 2 Closing Store Landlords, the Debtors will mail such notice to the notice address set forth in the lease for such Phase 2 Closing Store (or, if none, at the last known address available to the Debtors), and to their counsel, if known.

40.    The Phase 2 Closing Store Landlords and any interested parties shall have seven days after service of the applicable Phase 2 Closing Store List to object to the application of this Interim Order or the Final Order, as applicable.  If no timely objections are filed with respect to the application of this Interim Order or the Final Order, as applicable, to a Phase 2 Closing Store, the Debtors are authorized, pursuant to sections 105(a), and 363(b) and (f) of the Bankruptcy Code, to proceed with conducting the Sales at the Phase 2 Closing Store in accordance with this Interim Order or the Final Order, as applicable, the Store Closing Procedures, and the Consultant Agreement.  If any objections are filed with respect to the application of this Interim Order or the Final Order, as applicable, to a Phase 2 Closing Store, and such objections are not resolved, the

objections and the application of this Interim Order or the Final Order, as applicable, to the Phase 2 Closing Store will be considered by the Court at the next regularly scheduled omnibus hearing, subject to the rights of any party to seek relief on an emergency basis on shortened notice, to the extent necessary.

## V.    Dispute Resolution Procedures with Governmental Units.

41.    Nothing in this Interim Order, the Consultant Agreement, or the Store Closing Procedures, releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or injunctive relief) to which any entity would be subject as the owner, lessor, lessee, or operator of the property after the date of entry of this Interim Order. Nothing contained in this Interim Order, the Consultant Agreement, or the Store Closing Procedures shall in any way: (a) diminish the obligation of any entity to comply with environmental laws; or (b) diminish the obligations of the Debtors to comply with environmental laws consistent with its rights and obligations as debtor in possession under the Bankruptcy Code. Except as otherwise set forth herein, the Store Closings and the Sales shall not be exempt from laws of general applicability, including, without limitation, public health and safety, criminal, tax, labor, employment, environmental, antitrust, fair competition, traffic, and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, "General Laws"). Nothing in this Interim Order, the Consultant Agreement, or the Store Closing Procedures, shall alter or affect obligations to comply with all applicable federal safety laws and regulations. Nothing in this Interim Order shall be deemed to bar any Governmental Unit (as such term is defined in section 101(47) of the Bankruptcy Code) from enforcing General Laws, subject to the Debtors' rights to assert in that forum or before this Court that any such laws are not in fact General Laws or that such enforcement is impermissible under the Bankruptcy Code

or this Interim Order.  Notwithstanding any other provision in this Interim Order, no party waives any rights to argue any position with respect to whether the conduct was in compliance with this Interim Order and/or any applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code.  Nothing in this Interim Order shall be deemed to have made any rulings on any such issues.

42.    To the extent that the sale of Store Closure Assets is subject to any Liquidation Sale Laws, including any federal, state or local statute, ordinance, or rule, or licensing requirement directed at regulating "going out of business," "store closing," similar inventory liquidation sales, or bulk sale laws, laws restricting safe, professional and non-deceptive, customary advertising such as signs, banners, posting of signage, and use of sign-walkers solely in connection with the sale and including ordinances establishing license or permit requirements, waiting periods, time limits, or bulk sale restrictions that would otherwise apply solely to the sale of the Store Closure Assets, the Dispute Resolution Procedures in this section shall apply:

a.    Provided that the Sales are conducted in accordance with the terms of the Interim Order or the Final Order, as applicable, and the Store Closing Procedures, and in light of the provisions in the laws of many Governmental Units (as defined in the Bankruptcy Code) that exempt court-ordered sales from their provisions, the Debtors and the Consultant will be presumed to be in compliance with any Liquidation Sale Laws and are authorized to conduct the Sales in accordance with the terms of the Interim Order or the Final Order, as applicable, and the Store Closing Procedures without the necessity of further showing compliance with any such Liquidation Sale Laws.

b.    Within two business days after entry of the Interim Order, the Debtors will serve by email, facsimile, or first-class mail, copies of the Interim Order, the proposed Final Order, the Consultant Agreement, and the Store Closing Procedures on the following:  (i) landlords for the Closing Stores; (ii) the Attorney General's office for each state in which the Sales are being held; (iii) the county consumer protection agency or similar agency for each county in which the Sales are being held; and (iv) the division of consumer protection for each state in which the Sales are being held (collectively, the "Dispute Notice Parties").  With respect to any Phase 2 Closing Stores, within two business days after filing any Phase 2 Closing

Store List with the Court, the Debtors will serve by email, facsimile, or first-class mail, copies of the Interim Order or Final Order, as applicable, the Consultant Agreement, the Store Closing Procedures, and the Phase 2 Closing Store List on the Dispute Notice Parties and the landlords for the Closing Stores identified on the Phase 2 Closing Store List.

c.    To the extent that there is a dispute arising from or relating to the Sales, the Interim Order, or the proposed Final Order, as applicable, the Consultant Agreement, or the Store Closing Procedures, which dispute relates to any Liquidation Sale Laws (a "Reserved Dispute"), the Court shall retain exclusive jurisdiction to resolve the Reserved Dispute. Any time within ten days following entry of the Interim Order or service of any Phase 2 Closing Store List, as applicable, any Governmental Unit may assert that a Reserved Dispute exists by sending a notice (the "Dispute Notice") explaining the nature of the dispute to: (i) the Debtors, Things Remembered, Inc., 5500 Avion Park Drive, Highland Heights, Ohio 44143, Attn: Robert J. Duffy; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher T. Greco and Derek I. Hunter, and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Angela M. Snell and Spencer A. Winters; (iii) proposed co-counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis and Matthew B. McGuire; (iv) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy J. Fox; (v) counsel to any statutory committee appointed in these chapter 11 cases; (vi) the agent under the Debtors' prepetition asset-based facility and prepetition term loan facility, Cortland Capital Market Services LLC, 225 W. Washington St., 9th Floor, Chicago, Illinois 60606, Attn: Maggie Welch and Legal Department; (vii) counsel to the Prepetition Agent, (a) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: David N. Griffiths and Lisa Lansio, and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington Delaware 19801, Attn: Zachary I. Shapiro; (viii) counsel to the Consultant, Pepper Hamilton LLP, 1313 N. Market Street, Suite 5100, Wilmington, Delaware, 19801, Attn: Douglas D. Herrmann and Marcy J. McLaughlin; and (ix) the affected landlord. If the Debtors, the Consultant, and the Governmental Unit are unable to resolve the Reserved Dispute within 14 days after service of the Dispute Notice, the Governmental Unit may file a motion with the Court requesting that the Court resolve the Reserved Dispute (a "Dispute Resolution Motion").

d.    In the event that a Dispute Resolution Motion is filed, nothing in the Interim Order or the Final Order, as applicable, shall preclude the Debtors or any other interested party from asserting (i) that the provisions of any Liquidation Sale Laws are preempted by the Bankruptcy Code, or (ii) that neither the terms of the Interim Order or the Final Order nor the conduct

of the Debtors pursuant to the Interim Order or the Final Order violates such Liquidation Sale Laws. Filing a Dispute Resolution Motion as set forth herein shall not be deemed to affect the finality of the Interim Order or the Final Order or to limit or interfere with the Debtors' or the Consultant's ability to conduct or to continue to conduct the Sales pursuant to the Interim Order or the Final Order, absent further order of the Court. Upon the entry of the Interim Order or the Final Order, as applicable, the Court grants authority for the Debtors and the Consultant to conduct the Sales pursuant to the terms of the Interim Order or the Final Order, as applicable, the Consultant Agreement, and/or the Store Closing Procedures and to take all actions reasonably related thereto or arising in connection therewith. The Governmental Unit will be entitled to assert any jurisdictional, procedural, or substantive arguments it wishes with respect to the requirements of its Liquidation Sale Laws or the lack of any preemption of such Liquidation Sale Laws by the Bankruptcy Code. Nothing in the Interim Order or the Final Order will constitute a ruling with respect to any issues to be raised in any Dispute Resolution Motion.

e.  If, at any time, a dispute arises between the Debtors and/or the Consultant and a Governmental Unit as to whether a particular law is a Liquidation Sale Law, and subject to any provisions contained in the Interim Order or the Final Order related to the Liquidation Sale Laws, then any party to that dispute may utilize the provisions of subparagraphs (c) and (d) above by serving a notice to the other party and proceeding thereunder in accordance with those paragraphs. Any determination with respect to whether a particular law is a Liquidation Sale Law shall be made *de novo*.

43.    Subject to paragraphs 41 and 42 above, each and every federal, state, or local agency, departmental unit, or Governmental Unit with regulatory authority over the Sales, and all newspapers and other advertising media in which the Sales are advertised shall consider this Interim Order as binding authority that no further approval, license, or permit of any Governmental Unit shall be required, nor shall the Debtors or the Consultant be required, to post any bond, to conduct the Sales.

44.    Within two business days of entry of this Interim Order, the Debtors shall serve copies of the Motion, this Interim Order, the Consultant Agreement, and the Store Closing Procedures via e-mail, facsimile, or regular mail, on: (a) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy J. Fox;

(b) counsel to any statutory committee appointed in these chapter 11 cases; (c) the agent under the Debtors' prepetition asset-based facility and prepetition term facility, Cortland Capital Market Services LLC, 225 W. Washington St., 9th Floor, Chicago, Illinois 60606, Attn: Maggie Welch and Legal Department; and (d) counsel to the Prepetition Agent, (i) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: David N. Griffiths and Lisa Lansio, and (ii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington Delaware 19801, Attn: Zachary I. Shapiro; (e) all parties who are known by the Debtors to assert liens against the Store Closure Assets; (f) all state attorneys general in which the Store Closure Assets are located; (g) municipalities in which the Store Closure Assets are located; (h) all of the Debtors' landlords at the locations of the Stores; (i) all applicable state and consumer protection agencies; (j) sublessees, licensees, or concessionaries of Merchant's goods and owners of goods held by Merchant on memo, consignment, or as bailee located at the Stores; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## VI.    Other Provisions.

45.    The Consultant shall not be liable for any claims against the Debtors, and the Debtors shall not be liable for any claims against Consultant, in each case, other than as expressly provided for in the Consultant Agreement.

46.    The Debtors shall not be required to comply with any state or local law requiring that the Debtors pay an employee substantially contemporaneously with his or her termination; *provided, however*, that the Debtors shall pay any accrued wages to terminated employees as expeditiously as possible.

47.    Subject to the terms of any order approving use of cash collateral postpetition, all amounts due to the Consultant under the Consultant Agreement shall be earmarked and paid by

the Debtors from proceeds of the Sales and shall not be reduced or capped by the terms or conditions of any pre- or post-petition financing facilities or orders related thereto.

48.     On a confidential basis and for professionals' "eyes only" and upon the written (including email) request of the U.S. Trustee, counsel to the agent under the Debtors' prepetition asset-based facility and prepetition term loan facility, or the Committee, if any, the Debtors shall provide such requesting party, if any, with copies of periodic reports concerning the Sales that are prepared by the Debtors, their professionals or the Consultant, provided, however, that the foregoing shall not require the Debtors, their professionals, or the Consultant to prepare or undertake to prepare any additional or new reporting not otherwise being prepared by the Debtors, their professionals, or the Consultant in connection with the Sales.

49.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed as the following, except with respect to the Consultant and the Consultant Agreement: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease, other than the Consultant Agreement, pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection

or to seek avoidance of all such liens. Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim, other than with respect to payments made to the Consultant, which are governed by the reconciliation procedures in the Consultant Agreement.

50.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

51.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

52.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

53.     Cause exists to shorten the notice period set forth in Bankruptcy Rule 2002, to the extent possible.

54.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

55.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order or the Consultant Agreement, including, but not limited to, (a) any claim or issue relating to any efforts by any party or person to prohibit, restrict or in any way limit banner and sign-walker advertising, including with respect to any allegations that such advertising is not being conducted in a safe, professional, and non-deceptive manner, (b) any claim of the Debtors, the landlords and/or the Consultant for protection from interference with the Store Closings or Sales, (c) any other disputes related to the Store Closings or Sales, and (d) protect the Debtors and/or the

Consultant against any assertions of any liens, claims, encumbrances, and other interests.  No

such parties or person shall take any action against the Debtors, the Consultant, the landlords, the

Store Closings, or the Sales until this Court has resolved such dispute.  This Court shall hear the

request of such parties or persons with respect to any such disputes on an expedited basis, as may

be appropriate under the circumstances.

Dated:  February _____, 2019
           Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE