## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THINGS REMEMBERED, INC., *et al.*,[1] | ) Case No. 19-10234 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Ref. Nos. 23, 123, 150, 151, 152, 159, 172, |
| | ) 174, 178, 208, 219, 220, 227, 229, 230, 231, |
| | ) 233, 235, 236, 237, 239, 240, 256, 259, 262, |
| | ) 285 & 286 |
| | ) |

## ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ASSETS, AND (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (D) GRANTING RELATED RELIEF

Upon the motion [Docket No. 23] (the "**Motion**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**" or "**Seller**") for an order, under sections 363(b), 363(f), and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006(f), 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving, among other things, (a) the proposed sale (the "**Sale**") of substantially all of the assets (the "**Acquired Assets**") of the Debtors free and clear of all Liens and Liabilities (together, the "**Encumbrances**") pursuant to the terms of the *Asset Purchase Agreement*, dated as of February 5, 2019 (the "**APA**"),[2] other than the Assumed Obligations and Permitted Liens; (b) entry into the APA with Enesco Properties, LLC, a Delaware limited liability company (collectively with any nominee or designee thereof, the "**Purchaser**"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Things Remembered, Inc. (2696); TRM Holdco Corp. (5858); and TRM Holdings Corporation (2354).  The location of the Debtors' service address is: 5500 Avion Park Drive, Highland Heights, Ohio 44143.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or in the APA (as defined below), as applicable.

substantially in the form attached to the Motion as **Exhibit D**; (c) assumption and assignment of those contracts of the Debtors identified in the schedules attached to the amended APA (the "**Final APA**") to be filed with the Court within one (1) business day after the Closing Date (the "**Assumed Contracts**") and assignment of the Assumed Contracts to Purchaser; and (d) other related relief, and the Court having held an initial hearing on the Motion on February 21, 2019 (the "**Bid Procedures Hearing**"); and the Purchaser having agreed on the record at the Bid Procedures Hearing to not pursue any Avoidance Action that is an Acquired Asset; and the Court having entered an order [Docket No. 150] (the "**Bid Procedures Order**") approving the bid procedures (the "**Bid Procedures**"); the Debtors having received no Qualified Bids (other than the Stalking Horse Bid), the Auction having been cancelled pursuant to the terms of the Bid Procedures Order, the Debtors having identified the bid by Purchaser as the highest or otherwise best bid for the Acquired Assets, the Debtors having provided reasonable and adequate notice of the cancellation of the Auction and of the Stalking Horse Bid submitted by Purchaser as the Successful Bid pursuant to the terms of the Bid Procedures Order [Docket No. 227], and the Court having conducted a hearing on the Motion commencing on March 6, 2019 (the "**Sale Hearing**") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having (a) reviewed and considered the Motion, all relief related thereto, the objections thereto and statements of counsel and the evidence presented in support of the relief requested by the Debtors in the Motion at the Sale Hearing and (b) found that, after an extensive marketing process by the Debtors, Purchaser has submitted the highest or otherwise best bid for the Acquired Assets; and adequate and sufficient notice of the Bid Procedures, the APA, and all transactions contemplated thereunder and in this Sale Order were given pursuant to and consistent with the Bid Procedures Order; and reasonable and adequate

notice of the Motion and Bid Procedures Order having been provided to all persons required to be served in accordance with the Bankruptcy Code and the Bankruptcy Rules; and all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; and jurisdiction existing for the Court to consider the Motion; and after due deliberation thereon; and upon the arguments and statements in support of the Motion presented at the Sale Hearing before the Court; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and it further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[3]

A.    **Jurisdiction and Venue**.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    **Statutory Predicates**.  The statutory predicates for the relief sought in the Motion are sections 363(b), 363(f), and 365 and Bankruptcy Rules 2002, 6004, 6006(f), 6013, and 9014.

C.    **Final Order.**  This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

---

[3]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Bankruptcy Rule 7052.

D.    **Notice**.  Actual written notice of the Motion and the relief requested therein (including the assumption and assignment of the Assumed Contracts to Purchaser or its designee and any Cure Amounts related thereto) was provided to the following parties (the "**Notice Parties**"):  (a) counsel to Prepetition Agent, (b) the lender under any post-petition financing, (c) the Office of the U.S. Trustee for the District of Delaware, (d) counsel to the official committee appointed in these Chapter 11 Cases, (e) counsel to the Stalking Horse Bidder; (f) all parties to executory contracts and leases to be assumed and assigned, or rejected as part of the proposed Sale; (g) all parties who have expressed a written interest in some or all of the Assets; (h) all known holders of liens, encumbrances, and other claims secured by the Assets; (i) the Internal Revenue Service; (j) all applicable state and local taxing authorities; (k) the Federal Trade Commission; (l) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; and (m) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

E.    Notice of the Motion, the time and place of the proposed Auction, the time and place of the Sale Hearing and the time for filing objections to the Motion (the "**Sale Notice**") was reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Auction and the Sale Hearing.

F.    As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, APA, Sale Hearing, Sale and transactions contemplated thereby, has been provided in accordance with the Bid Procedures Order, Bankruptcy Code sections 363 and 365 and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9008. The Debtors have complied with all obligations to provide notice of the Motion as set forth in the Bid Procedures Order.  The notices described above were good, sufficient, and appropriate under

the circumstances, and no other or further notice of the Motion, APA, Auction or Sale Hearing is or shall be required. The disclosures made by the Debtors concerning the Motion, the APA, the Auction, and Sale Hearing were good, complete, and adequate.

G.     In accordance with the Bid Procedures Order, the Debtors have served seven notices (collectively, the "**Cure Notices**") [Docket Nos. 123, 152, 159, 172, 208, 220, 285] of the potential assumption and assignment of the leases and contracts (together, the "**Assumed Contracts**"), which Cure Notices identify all defaults and actual pecuniary loss to the non-debtor party resulting from such defaults including, but not limited to, all claims, demands, charges, rights to refunds and monetary and non-monetary obligations that the non-debtor parties can assert under the Assumed Contracts whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate, relating to money now owing or owing in the future, arising under or out of, in connection with, or in any way relating to the Assumed Contracts (the foregoing amounts as stated in the Cure Notice, collectively referred to as the "**Cure Amounts**") upon each non-debtor counterparty to an Assumed Contract. The service and provision of the Cure Notices were good, sufficient and appropriate under the circumstances and no further notice need be given in respect of assumption and assignment of the Assumed Contracts or establishing a Cure Amount for the respective Assumed Contract. Non-debtor counterparties to the Assumed Contracts have had an adequate opportunity to object to assumption and assignment of the applicable Assumed Contract and the Cure Amount set forth in the Cure Notices (including objections related to the adequate assurance of future performance and objections based on whether applicable law excuses the non-debtor counterparty from accepting performance by, or rendering performance to, Purchaser for purposes of section 365(c)(1) of the Bankruptcy Code). The deadline to file an objection to

the stated Cure Amounts (a "**Cure Objection**") has expired and to the extent any such party timely filed a Cure Objection, all such Cure Objections have been resolved, withdrawn, overruled, or continued to a later hearing by agreement of the parties. To the extent that any such party did not timely file a Cure Objection by the deadline set forth in the applicable Cure Notice (the "**Cure Objection Deadline**"), such party shall be deemed to have consented to the proposed Cure Amount set forth on the Cure Notices. The applicable deadline(s) to file an objection to the adequate assurance of the Purchaser's future performance under the Assumed Contracts has expired and to the extent any counterparty filed an objection on such ground (an "**Adequate Assurance Objection**"), such Adequate Assurance Objections have been resolved, withdrawn, overruled, or continued to a later hearing by agreement of the parties. Notwithstanding anything to the contrary in this Sale Order, with respect to Assumed Contracts set forth in the Final APA, for which the counterparties thereto filed timely Cure Objections to the Cure Amounts which have not been resolved as of the start of the Sale Hearing (collectively, the "**Adjourned Cure Costs Objections**"), the Cure Amounts (collectively, the "**Adjourned Cure Amounts**") are adjourned as provided in the Bid Procedures Order, and the Adjourned Cure Amounts shall be fixed at the amounts agreed to in writing by the Debtors and the applicable counterparty to the Assumed Contract as of the Closing or, in the event that no such agreement is reached by Closing, the hearing scheduled in the cases for March 13, 2019 at 11:00 a.m. (prevailing Eastern Time) or a later date as may be fixed by the Court and/or agreed by the Debtors, the applicable counterparty, and the Purchaser, as applicable; provided that the Debtors shall segregate the Cure Amount that the counterparty asserts is required to be paid, pending a resolution of the dispute by this Court or mutual agreement by the parties as provided for in paragraph 20(g) of the Bid Procedures Order. For the avoidance of doubt, immediately upon an

Adjourned Cure Amount becoming fixed as provided for in this Sale Order, such fixed amount shall be the Cure Amount for all purposes under this Sale Order.

H.    **Corporate Authority**.  (i) The Debtors have full corporate power and authority to execute the APA and all other documents contemplated thereby and the Debtors' sale of the Acquired Assets has been duly and validly authorized by all necessary corporate action, (ii) the Debtors have all of the corporate power and authority necessary to consummate the transactions contemplated by the APA, (iii) the Debtors have taken all corporate action necessary to authorize and approve the APA and the consummation of the transactions contemplated thereby, and (iv) no consents or approvals, other than those expressly provided for in the APA, are required for the Debtors to consummate such transactions.

I.    The APA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.  Neither the Debtors nor Purchaser is entering into the transactions contemplated by the APA fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

J.    The Debtors are the sole and lawful owner of the Acquired Assets.  Subject to sections 363(f) and 365(a) of the Bankruptcy Code, the transfer of each of the Acquired Assets to Purchaser, in accordance with the APA will be, as of the Closing Date, a legal, valid, and effective transfer of the Acquired Assets, which transfer vests or will vest Purchaser with all right, title, and interest of the Debtors to the Acquired Assets free and clear of all Claims and Encumbrances except for Permitted Liens.  Claims shall include, but not be limited to, all debts arising under, relating to, or in connection with any act of the Debtors or claims liabilities, obligations, demands, guaranties, options, rights, contractual commitments, restrictions,

restrictive covenants, covenants not to compete, rights to refunds, escheat obligations, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, applicable law, equity or otherwise (including, without limitation, rights with respect to Claims and Encumbrances (i) to the extent permitted by applicable law, that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Debtors' or Purchaser's interests in the Acquired Assets, or any similar rights, (ii) in respect of taxes owed by the Debtors for periods prior to the Closing Date, including, but not limited to, sales, income, use or any other type of tax; or (iii) in respect of restrictions, rights of first refusal, charges or interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) relating to, accruing or arising any time prior to the Closing Date, with the exception of the Assumed Obligations, ~~and~~ Permitted Liens, or as otherwise provided in this Sale Order. KG

K.    **Sale in Best Interests of the Debtors' Estates**.  Good and sufficient reasons for approval of the APA and the transactions to be consummated in connection therewith (the "**Sale**") have been articulated, and the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest.   The Debtors have demonstrated both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the Sale other than in the ordinary course of business, pursuant to Bankruptcy Code section 363(b), outside of a plan of reorganization, in that, among other things, the immediate consummation of the Sale to Purchaser is necessary and appropriate to maximize the value of the Debtors' estates.

L.      The Sale must be approved and consummated promptly in order to preserve the viability of the Debtors' businesses as a going concern and to maximize the value of the Debtors' estates. Time is of the essence in consummating the Sale. Given all of the circumstances of these chapter 11 cases and the adequacy and fair value of the Purchase Price, the proposed Sale constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

M.      The consummation of the Sale and the assumption and assignment of the Assumed Contracts are legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m), and 365, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

N.      **Good Faith of Purchaser and Seller**. The APA was negotiated, proposed and entered into by the Debtors and the Purchaser without collusion, in good faith and from arm's-length bargaining positions and is substantively and procedurally fair to all parties.   The Purchaser is not an "insider" of any of the Debtors, as that term is defined in Bankruptcy Code section 101(31).  Neither any of the Debtors, nor the Purchaser has engaged in any conduct that would cause or permit the APA to be avoided under Bankruptcy Code section 363(n). Specifically, the Purchaser has not acted in a collusive manner with any person and the Purchase Price was not controlled by any agreement among bidders.  Purchaser is purchasing the Acquired Assets, in accordance with the APA, in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to all of the protections afforded by such provision, and otherwise has proceeded in good faith in all respects in connection with the Debtors' chapter 11 cases. As demonstrated by (i) any testimony and other

evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, substantial marketing efforts and a competitive sale process were conducted in accordance with the Bid Procedures Order and, among other things: (a) the Debtors and Purchaser complied with the provisions in the Bid Procedures Order; (b) Purchaser agreed to subject its bid to the competitive bid procedures set forth in the Bid Procedures Order; (c) Purchaser in no way induced or caused the chapter 11 filing by the Debtors; and (d) all payments to be made by Purchaser in connection with the Sale have been disclosed.

O.    **Highest or Otherwise Best Offer.**  Pursuant to the Bid Procedures Order, the deadline for Qualified Bidders to submit bids for the Acquired Assets was February 28, 2019 at 5:00 p.m. (prevailing Eastern Time) (the "**Bid Deadline**"). The Debtors received no Qualified Bids by the Bid Deadline.  The Bidding Procedures provide that if no Qualified Bids (other than the Qualified Bid submitted by the Purchaser) were received by the Bid Deadline, the Auction would not be conducted and the Purchaser's Qualified Bid would be the Successful Bid for the Acquired Assets.  The APA constitutes the highest or otherwise best offer for the Acquired Assets and will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative.  The Debtors' determination that the APA constitutes the highest or otherwise best offer for the Acquired Assets is a valid and sound exercise of their fiduciary duties and constitutes a valid and sound exercise of the Debtors' business judgment.

P.    **Consideration**.  The consideration provided by Purchaser pursuant to the APA (a) is fair and reasonable, (b) is the highest or otherwise best offer for the Acquired Assets, and (c) constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Voidable Transactions Act (formally the Uniform Fraudulent Transfer Act), Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) under the laws

of the United States, any state, territory, possession or the District of Columbia. No other person or entity or group of entities has offered to purchase the Acquired Assets for greater economic value to the Debtors' estate than Purchaser. Approval of the Motion, the APA and the consummation of the transactions contemplated thereby is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

Q.    **No Successor.** The transactions contemplated under the APA do not amount to a consolidation, merger, or de facto merger of Purchaser and the Debtors and/or the Debtors' estates; there is not substantial continuity between Purchaser and the Debtors; there is no continuity of enterprise between the Debtors and Purchaser; Purchaser is not a mere continuation of the Debtors or their estates; and Purchaser is not a successor or assignee of the Debtors or their estates for any purpose, including but not limited to under any federal, state or local statute or common law, or revenue, pension, ERISA, tax, labor, employment, environmental, escheat or unclaimed property laws, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine or common law, or under any product warranty liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine and Purchaser and its affiliates shall have no liability or obligation under the Workers Adjustment and Retraining Act (the "**WARN Act**"), 929 U.S.C. §§ 210 et seq. or the Comprehensive Environmental Response Compensation and Liability Act and shall not be deemed to be a "successor employer" for purposes of the Internal Revenue Code of 1986, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disability Act, the Family Medical Leave Act, the National Labor Relations Act, the Labor Management Relations Act, the Older

Workers Benefit Protection Act, the Equal Pay Act, the Civil Rights Act of 1866 (42 U.S.C.

1981), the Employee Retirement Income Security Act, the Multiemployer Pension Protection

Act, the Pension Protection Act and/or the Fair Labor Standards Act. Except for the Assumed

Obligations, ~~and~~ Permitted Liens, *or as otherwise set forth in this Sale Order,* the (i) transfer of the Acquired Assets to Purchaser and (ii)

assumption and assignment to Purchaser of the Assumed Contracts do not and will not subject

Purchaser to any liability whatsoever with respect to the operation of the Debtors' business

before the Closing Date or by reason of such transfer under the laws of the United States, any

state, territory, or possession thereof, or the District of Columbia, based, in whole or in part,

directly or indirectly, on any theory of law or equity, including, without limitation, any theory of

equitable law, including, without limitation, any theory of antitrust or successor or transferee

liability. *Except as otherwise set forth in this Sale Order,*

R.    **Free and Clear**. ~~The~~ the conditions of Bankruptcy Code section 363(f) have been

satisfied in full; therefore, the Debtors may sell the Acquired Assets free and clear of any

Encumbrances in the property, other than the Assumed Obligations and Permitted Liens.

Purchaser would not have entered into the APA and would not consummate the transactions

contemplated thereby if the Sale to Purchaser and the assumption of any Assumed Obligations

by Purchaser were not free and clear of all Encumbrances other than the Assumed Obligations

and Permitted Liens. The Debtors may sell the Acquired Assets free and clear of any

Encumbrances of any kind or nature whatsoever, except for Permitted Liens, because in each

case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has

been satisfied. Except for Permitted Liens, each entity with a Lien, Claim, Encumbrance or

Interest in the Acquired Assets to be transferred on the Closing Date: (i) has, subject to the terms

and conditions of this Sale Order, consented to the Sale or is deemed to have consented to the

Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Lien, Claim, Encumbrance or Interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.  Except for holders of Permitted Liens, those holders of Encumbrances who did not object to the Motion are deemed, subject to the terms of this Sale Order, to have consented pursuant to Bankruptcy Code section 363(f)(2).  Except for holders of Permitted Liens, all holders of Encumbrances are adequately protected by having their Encumbrances attach to the cash proceeds received by the Debtors that are ultimately attributable to the property against or in which such Encumbrances are asserted, subject to the terms of such Encumbrances with the same validity, force and effect, and in the same order of priority, which such Encumbrances now have against the Acquired Assets or their proceeds, if any, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

S.    **Cure/Adequate Assurance**.  The assumption and assignment of the Assumed Contracts pursuant to the terms of this Sale Order is integral to the APA and is in the best interests of the Debtors and their estates, creditors and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors. [Except as otherwise set forth in this Sale Order,] payment of the Cure Amounts by the Debtors shall (i) to the extent necessary, cure or provide adequate assurance of cure, within the meaning of 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2)(A), and (ii) to the extent necessary, provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the Assumed Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B) and 365(f)(2)(A).  Purchaser's financial wherewithal to consummate the transactions contemplated by the APA and the evidence presented at the Sale Hearing demonstrating the Purchaser's ability

to perform the obligations under the Assumed Contracts after the Closing Date shall constitute adequate assurance of future performance within the meaning of 11 U.S.C. §§ 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B).

T.    Any objections to the assumption and assignment of any of the Assumed Contracts by Purchaser in accordance with the APA are hereby overruled.  To the extent that any counterparty failed to file a Cure Objection or Adequate Assurance Objection timely, such counterparty is deemed to have consented to such Cure Amounts and the assumption and assignment of its respective Assumed Contract(s) to the Purchaser in accordance with the APA.

U.    **Personally Identifiable Information**.  The Sale will include the transfer of Personally Identifiable Information, as defined in Bankruptcy Code section 101(41A).  A Consumer Privacy Ombudsman has been appointed under Code section 363(b)(1) and the Sale shall be consistent with the recommendations ~~thereof.~~ Contained in the Consumer Privacy Ombudsman Report filed in these cases

NOW, THEREFORE, IT IS ORDERED THAT: on March 4, 2019 [D.I. 252].

1.    **Motion is Granted**.  The Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein.

2.    **Objections Overruled**.  Any objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been adjourned, withdrawn, waived, or settled as announced to the Court at the Sale Hearing (the full record of which is incorporated herein by reference), by stipulation filed with the Court, or by representation by the Debtors in a separate pleading, and all reservations of rights included therein, if any, hereby are denied and overruled on the merits with prejudice.

3.    **Approval**.  The APA, and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in all respects.  Pursuant to Bankruptcy Code

sections 363(b) and 363(f), the Debtors are hereby authorized to (a) execute the APA, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the APA, provided that such additional documents do not materially change its terms adversely to the Debtors' estates; (b) consummate the Sale in accordance with the terms and conditions of the APA and the instruments to the APA contemplated thereby; and (c) execute and deliver, perform under, consummate, implement, and close fully the transactions contemplated by the APA, including the assumption and assignment to the Purchaser (in accordance with the APA) of the Assumed Contracts, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale.  Purchaser shall not be required to seek or obtain relief from the automatic stay under Bankruptcy Code section 362 to enforce any of its remedies under the APA or any other Sale-related document.  The automatic stay imposed by Bankruptcy Code section 362 is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order *provided, however*, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

4.    This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, the Debtors, any holders of Encumbrances or other interests in, against or on all or any portion of the Acquired Assets (whether known or unknown), the Purchaser and all successors and assigns of the Purchaser, the Acquired Assets and any trustees, if any, subsequently appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtors' cases.  This Sale Order and the APA shall inure to the benefit of the Debtors, their estates and creditors, the Purchaser and the respective successors and assigns of each of the foregoing.

5.    **Transfer of Acquired Assets Free and Clear of Encumbrances**.

Pursuant to Bankruptcy Code sections 105(a), 363(b) and 363(f), the Debtors are authorized to transfer the Acquired Assets to the Purchaser in accordance with the APA and such transfer shall constitute a legal, valid, binding and effective transfer of such Acquired Assets and shall vest Purchaser with title in and to the Acquired Assets and, other than the Assumed Obligations, ~~and~~ _and otherwise provided in this Sale Order,_ Permitted Liens, the Purchaser shall take title to and possession of the Acquired Assets free and  clear of all Encumbrances and other interests of any kind or nature whatsoever, including but not limited to successor or successor-in-interest liability and Claims in respect of the Excluded Liabilities, with all such Encumbrances and other interests to attach to the cash proceeds received by the Debtors that are ultimately attributable to the property against or in which such Encumbrances are asserted, subject to the terms of such Encumbrances with the same validity, force and effect, and in the same order of priority, which such Encumbrances now have against the Acquired Assets or their proceeds, if any, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

6.    Unless otherwise expressly included in the definitions of "Assumed Obligations" or "Permitted Liens" in the APA, Purchaser shall not be responsible for any Encumbrances including in respect of the following: (a) any labor or employment agreements; (b) any mortgages, deeds of trust and security interests; (c) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of the Debtors; (d) any other employee, worker's compensation, occupational disease or unemployment or temporary disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (i) the Employee Retirement Income Security Act, as amended, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil

Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the WARN Act, (vii) the Age Discrimination in Employment Act, as amended, (viii) the Americans with Disabilities Act, (ix) the Family Medical Leave Act, (x) the Labor Management Relations Act, (xi) the Multiemployer Pension Protection Act, (xii) the Pension Protection Act, (xiii) the Consolidated Omnibus Budget Reconciliation Act of 1985, (xiv) the Comprehensive Environmental Response Compensation and Liability Act, (xv) state discrimination laws, (xvi) state unemployment compensation laws or any other similar state laws, or (xvii) any other state or federal benefits or claims relating to any employment with the Debtors or any of their respective predecessors; (e) any bulk sales or similar law; (f) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended or any state or local tax laws; (g) any escheat or unclaimed property laws; (h) to the extent not included in the foregoing, any of the Excluded Liabilities under the APA; and (i) any theories of successor or transferee liability.

7.      All persons and entities that are in possession of some or all of the Acquired Assets on the Closing Date are directed to surrender possession of such Acquired Assets to Purchaser in accordance with the APA on the Closing Date or at such time thereafter as the Purchaser may request. On the Closing Date, each of the Debtors' creditors is authorized to execute such documents and take all other actions as may be reasonably necessary to release its Encumbrances (except for Permitted Liens) or other interests in the Acquired Assets, if any, as such Encumbrances may have been recorded or may otherwise exist.

8.      If any person or entity which has filed statements or other documents or agreements evidencing Encumbrances on, against, or in, all or any portion of the Acquired Assets (other than statements or documents with respect to the Assumed Obligations and

Permitted Liens) shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Liens, Encumbrances, Claims, Interests or other interests which the person or entity has or may assert with respect to all or any portion of the Acquired Assets, the Debtors are hereby authorized, and the Purchaser is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Acquired Assets.

9.     On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer to Purchaser of the Debtors' interests in the Acquired Assets. This Sale Order is and shall be effective as a determination that, on the Closing Date, all Encumbrances or other interest of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing Date, other than the Assumed Obligations and Permitted Liens, shall have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected. This Sale Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the

documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Encumbrances and other interests of record except those assumed as Assumed Obligations or Permitted Liens.

10. **Prohibition of Actions Against Purchaser**. Except for the Assumed Obligations, ~~and~~ Permitted Liens, *and as otherwise provided in this Sale Order,* Purchaser shall not have any liability or other obligation of the Debtors arising under or related to any of the Acquired Assets or other Assumed Obligations expressly identified in the APA, including, but not limited to, any liability for any Encumbrances whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with or in any way relating to the operation of the Debtors' business prior to the Closing Date.

11. Except with respect to the Assumed Obligations and Permitted Liens, or as otherwise expressly provided for in this Sale Order or the APA, all persons and entities, including, but not limited to, all debt holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants and other creditors, holding Encumbrances or other interests of any kind or nature whatsoever against or in all or any portion of the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors, the Acquired Assets, the operation of the Debtors' businesses prior to the Closing Date or the transfer of the Acquired Assets to the Purchaser in accordance with the APA, hereby are forever barred, estopped and

permanently enjoined from asserting against Purchaser, its successors or assigns, its property or the Acquired Assets, such persons' or entities' Encumbrances in and to the Acquired Assets, including, without limitation, the following actions:    (a) commencing or continuing in any manner any action or other proceeding against Purchaser, its successors, assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Purchaser, its successors, or their assets or properties; (c) creating, perfecting, or enforcing any Lien, Claim, Encumbrance or Interest against Purchaser, its successors, their assets, or their properties; (d) to the extent permitted by applicable law, asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due to Purchaser or its successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (f) to the extent prohibited by Section 525 of the Bankruptcy Code, revoking, terminating or failing or refusing to transfer or renew any license, permit or authorization to operate any of the Acquired Assets or conduct any of the businesses operated with the Acquired Assets.

12.    To the greatest extent available under applicable law, Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Acquired Assets to the extent transferred in the APA, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been transferred to Purchaser as of the Closing Date.

13.    All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell

and transfer the Acquired Assets to Purchaser in accordance with the terms of the APA, and this Sale Order.

14.    The Purchaser has given substantial consideration under the APA for the benefit of the Debtors, their estates, and creditors.  The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential Encumbrances pursuant to this Sale Order which releases shall be deemed to have been given in favor of Purchaser by all holders of Liens or Encumbrances against or Interests in, or Claims against any of the Debtors or any of the Acquired Assets, other than with respect to the Assumed Obligations and Permitted Liens.  The consideration provided by Purchaser for the Acquired Assets under the APA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

15.    Notwithstanding the foregoing, nothing herein shall prevent (i) the Debtors from pursuing an action against the Purchaser arising under the APA or the related documents, or (ii) any administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state and local officials from properly exercising their police and regulatory powers.

16.    Notwithstanding anything to the contrary in the APA, the Purchaser shall not initiate, prosecute, transfer or otherwise attempt to collect upon any Acquired Asset that is an Avoidance Action.

17.    **Assumption and Assignment of Contracts**.  The Debtors are hereby authorized, in accordance with Bankruptcy Code sections 105(a) and 365, to (a) assume and assign to Purchaser, in accordance with the APA, effective upon the Closing Date, the Assumed Contracts free and clear of all Encumbrances and other interests of any kind or nature

whatsoever (other than the Assumed Obligations and Permitted Liens) and (b) execute and deliver to Purchaser such documents or other instruments as Purchaser deems may be necessary to assign and transfer the Assumed Contracts, and the Assumed Obligations and Permitted Liens to Purchaser in accordance with the APA.

18.     With respect to the Assumed Contracts: (a) each Assumed Contract is an executory contract or unexpired lease under Bankruptcy Code section 365; (b) the Debtors may assume each of the Assumed Contracts in accordance with Bankruptcy Code section 365; (c) the Debtors may assign each Assumed Contract in accordance with Bankruptcy Code sections 363 and 365, and any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract, constitute unenforceable anti-assignment provisions which are void and of no force and effect solely with respect to the assignment of such Assumed Contract pursuant to the Sale; (d) all other requirements and conditions under Bankruptcy Code sections 363 and 365 for the assumption by the Debtors and assignment to the Purchaser of each Assumed Contract, in accordance with the APA have been satisfied; (e) the Assumed Contracts shall be transferred and assigned to, and following the Closing Date remain in full force and effect for the benefit of, the Purchaser in accordance with the APA, notwithstanding any provision in any such Assumed Contract (including those of the type described in Bankruptcy Code sections 365(b)(2) and (f)) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to Bankruptcy Code section 365(k), subject to the payment of the Cure Amounts and except as otherwise provided for in this Order, the Debtors shall be relieved from any further liability with respect to the Assumed Contracts after such assignment to and

assumption by Purchaser in accordance with the APA; and (f) upon the Closing Date, in accordance with Bankruptcy Code sections 363 and 365, Purchaser shall be fully and irrevocably vested in all right, title and interest of each Assumed Contract.

19.     All defaults or other obligations of the Debtors under the Assumed Contracts arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in Bankruptcy Code section 365(b)(2)) shall be cured on or around the Closing Date by payment of the Cure Amounts by the Debtors; provided, however, that with respect to any Adjourned Cure Amounts which are not a fixed amount as of the Closing, the Debtors shall pay such Adjourned Cure Amounts within three (3) business days after the amount thereof becomes fixed as provided for in this Sale Order.  To the extent that any counterparty to an Assumed Contract did not object to its Cure Amount by the Cure Objection Deadline or file an Adequate Assurance Objection by the applicable deadline, such counterparty is deemed to have consented to such Cure Amount and the assumption and assignment of its respective Assumed Contract(s) to the Purchaser in accordance with the APA.

20.     To resolve certain objections of the Applicable Landlords[4], the Debtors shall fund an escrow (the "Accrued Expense Escrow") to be held and maintained by the Debtors for the sole purpose of paying all accrued but unbilled amounts arising under the Assumed Contracts (as defined in the APA) of the Applicable Landlords related to the period prior to the Closing, including tax reconciliations, common area maintenance charges, other charges, and year-end adjustments, in each case subject to the terms and conditions of the Assumed Contract (the "Accrued Expenses").  The Debtors and the Applicable Landlord shall negotiate in good faith to determine, in consultation with the Committee and the Purchaser and with the consent of

[4] The term "Applicable Landlords" refers to those landlords having filed an objection at docket numbers 174, 178, 230, 236 237, 239, 240, and 259.

{1229.002-W0054704.2}                                        23

the Prepetition Agent with such consent not to be unreasonably withheld, an appropriate amount to be funded into the Accrued Expense Escrow (the "Accrued Expense Amount").  To the Extent the Debtors, the Prepetition Agent, and the Applicable Landlord are unable to reach a consensual agreement on the Accrued Expense Amount such dispute shall be heard at the hearing scheduled in the cases for April 2, 2019 at 11:00 a.m. (prevailing Eastern Time).  Thereafter, the Applicable Landlords shall submit an invoice for all estimated Accrued Expenses (the "Accrued Expense Invoices") with information in support thereof to counsel to the Debtors, the Prepetition Agent and the Committee (the "Invoice Recipients") on or before April 15, 2019.  The Invoice Recipients shall have fourteen (14) days (the "Invoice Response Deadline") to review the Accrued Expense Invoices and respond to the Applicable Landlord in writing setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting Invoice Recipients and the Applicable Landlord shall attempt to resolve the objection on a consensual basis.  If the parties reach an agreement, the Debtors shall promptly pay the agreed amount of the Accrued Expense Invoice from the Accrued Expense Escrow.  If, however, the parties are unable to reach a resolution on or before April 30, 2019, such disputes shall be heard at the hearing scheduled in the cases for May 7, 2019.  To the extent no responses are received on or prior to the Invoice Response Deadline, the Debtors shall pay from the Accrued Expense Escrow the amount of the Accrued Expense Invoices within three (3) business days following the expiration of the Invoice Response Deadline.  For the avoidance of doubt, no party, including but not limited to the Prepetition Agent, the Purchaser, the Debtors, or the Debtors' estates,  shall be responsible for paying any amounts in excess of the funds held in the Accrued Expense Escrow on account of Accrued Expenses; provided however, the Purchaser shall be responsible for the payment of all accrued and unpaid amounts arising under Assumed Contracts on and after the

Closing Date; provided, further, the Purchaser shall pay all Accrued Expenses for the Added Contracts in the ordinary course of business. To the extent any amounts remain in the Accrued Expense Escrow after the satisfaction of all valid Accrued Expense Invoices, the balance of the funds held in the Accrued Expense Escrow shall be released and remitted to the Prepetition Agent.

21.     Unless otherwise represented by the Debtors in a separate pleading or in a Court order, including this Sale Order, in open court at the Sale Hearing, or pursuant to a contract or lease amendment entered into by the Debtors, Purchaser, and the appropriate contract or lessor counterparty (any such amendment being deemed approved by this Sale Order), the Cure Notice reflects the sole amounts necessary under Bankruptcy Code section 365(b) to cure all monetary defaults under the Assumed Contracts, and no other amounts are or shall be due in connection with the assumption by the Debtors and the assignment to Purchaser of the Assumed Contracts in accordance with the APA.

22.     *Except as otherwise Provided in this Sale Order,* Upon the Debtors' assignment of the Assumed Contracts to Purchaser under the provisions of this Sale Order and any additional orders of this Court and payment of any Cure Amounts by the Debtors, no default shall exist under any Assumed Contract, and no counterparty to any Assumed Contract shall be permitted (a) to declare a default by Purchaser under such Assumed Contract, or (b) otherwise take action against Purchaser, as a result of Debtors' financial condition, bankruptcy or failure to perform any of their obligations under the relevant Assumed Contract. Each non-debtor party to an Assumed Contract hereby is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtors or Purchaser, or the property of any of them, any default or claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing,

including those constituting Excluded Liabilities or, against Purchaser, any counterclaim, any other Claim asserted or assertable against the Debtors, or, to the extent permitted by applicable law, any defense, setoff, or recoupment; and (ii) imposing or charging against Purchaser any rent accelerations, assignment fees, increases or any other fees solely as a result of the Debtors' assumption and assignment to Purchaser of any Assumed Contract in accordance with the APA. The validity of such assumption and assignment of each Assumed Contract shall not be affected by any dispute between the Debtors and any non-Debtors party to an Assumed Contract relating to such contract's respective Cure Amounts.

23.    Except as may be provided in this Sale Order, the Debtors shall be relieved of all liability under the Assumed Contracts occurring after the assumption and assignment thereof to the Buyer; provided, however, that any claims arising prior to such date that are asserted by landlords against the Debtors for indemnification under real property leases that are Assumed Contracts (an "**Indemnification Claim**") shall be preserved provided that the party asserting such Indemnification Claim shall look only to proceeds of the Debtors' insurance coverage for satisfaction of any such Indemnification Claim.

24.    Except as provided in the APA or this Sale Order, after the Closing, the Debtors and their estates shall have no further liabilities or obligations with respect to any Assumed Obligations or Permitted Liens and all holders of such Liens, Claims, Encumbrances, and Interests are forever barred and estopped from asserting such Claims against the Debtors, their successors or assigns, their property or their assets or estates. The failure of the Debtors or Purchaser to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of the Debtors' and Purchaser's rights to enforce every term and condition of the Assumed Contracts.

25.     Notwithstanding anything herein to the contrary and subject to the APA, prior to the Closing Date, Purchaser may remove any contract or lease from the list of Assumed Contracts (and thereby exclude such Contract from the definition of Assumed Contracts) pursuant to the procedures set forth in the APA.  The Debtors shall attach a schedule of the final Assumed Contracts to the Final APA, which shall be filed within one (1) business day of the Closing Date.

26.     The Debtors are authorized, but not directed, to assume and assign to Purchaser that certain License and Services Agreement, by and between Tender Retail, Inc., a division of Acceo Solutions, Inc. ("Tender Retail"), and Things Remembered, Inc., dated as of March 31, 2014 (the "Tender License"), including all intellectual property rights conveyed by Tender to the Debtors under the Tender License.  Upon the assumption of the Tender License, the Debtor shall pay Tender Retail $73,000, which consists of the following: (a) $3,000 for cure costs; and (b) $70,000 for a license transfer fee.  Only if the Tender License is assumed and assigned to Purchaser, Purchaser agrees to enter into a new license agreement with Tender Retail, on substantially similar terms to the Tender License, within fourteen (14) days of the closing of the Sale.

27.     Notwithstanding anything to the contrary contained herein, the Debtors may only assume and assign an agreement with Oracle America, Inc., including in its capacity as successor in interest ("Oracle") (i) upon the written consent of Oracle; or (ii) pursuant to further order of the Court.

28.     **Good Faith**.  The transactions contemplated by the APA are undertaken by Purchaser without collusion and in good faith, as that term is used in Bankruptcy Code section 363(m) and, accordingly, the reversal or modification on appeal of the authorization

provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the Assumed Contracts) with Purchaser, unless such authorization is duly stayed pending such appeal.  Purchaser is a good faith purchaser of the Acquired Assets, and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m).

29.    **Failure to Specify Provisions**.  The failure specifically to include any particular provisions of the APA in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA be authorized and approved in its entirety; *provided*, *however*, that this Sale Order shall govern if there is any inconsistency between the APA (including all ancillary documents executed in connection therewith) and this Order.  Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Sale Order shall control.

30.    **Non-Material Modifications**.  The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

31.    **Amounts Payable by Debtors.** Any amounts payable by any Debtor under the agreements or any of the documents delivered by any Debtor in connection with the APA shall be paid in the manner provided in the APA and the Bid Procedures Order, without further order of this Court, shall be allowed administrative claims in an amount equal to such payments in accordance with Bankruptcy Code sections 503(b) and 507(a)(2), shall have the other protections provided in the Bid Procedures Order, and shall not be discharged, modified, or

otherwise affected by any reorganization plan for the Debtor, except by an express agreement with Purchaser, its successors, or assigns.

32.    **Subsequent Plan Provisions**.  Nothing contained in any chapter 11 plan confirmed in the Debtors' cases or any order confirming any such plan or in any other order in these chapter 11 cases (including any order entered after any conversion of any of these cases to a case under chapter 7 of the Bankruptcy Code) or any related proceeding subsequent to entry of this Sale Order shall alter, conflict with, or derogate from, the provisions of the APA or this Sale Order.

33.    **No Stay of Order**.  Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), and pursuant to Bankruptcy Rules 7062 and 9014, this Sale Order shall not be stayed for fourteen days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof.  Time is of the essence in closing the transactions referenced herein, and the Debtors and Purchaser intend to close the Sale as soon as practicable. Any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

34.    **Calculation of Time.**  All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006.

35.    **Cash Collateral Order**.  Notwithstanding anything to the contrary in this Sale Order, the proceeds of the Sale shall be subject to, and shall be treated by the Debtors in accordance with, the interim or final order approving the Debtors' use of cash collateral (the "Cash Collateral Order") and the Budget (as defined in the Cash Collateral Order) then in effect.

36.    **Further Assurances**.  From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such

documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the transactions contemplated by the APA including such actions as may be necessary to vest, perfect or confirm, of record or otherwise, in Purchaser its right, title and interest in and to the Acquired Assets.

       37.   **Retention of Jurisdiction**. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which any Debtor is a party or which has been assigned by the Debtors to Purchaser in accordance with the APA, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to  (a) interpret, implement and enforce the provisions of this Sale Order and the APA; (b) adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale; (c) protect Purchaser against any Encumbrances or other interests in the Debtors or the Acquired Assets of any kind or nature whatsoever, attaching to the proceeds of the Sale, and (d) enter any orders under section 363 and 365 of the Bankruptcy Code with respect to the Assumed Contracts.

Dated: March **6** , 2019
Wilmington, Delaware

                                             THE HONORABLE KEVIN GROSS
                                           UNITED STATES BANKRUPTCY JUDGE