IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RMBR LIQUIDATION, INC., *et al.*,[1] | ) Case No. 19-10234 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Nos. 385, 420 & 421** |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION AND DEADLINES RELATED THERETO; (III) APPROVING THE SOLICITATION, NOTICE AND TABULATION PROCEDURES AND THE FORMS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief* (the "Motion");[2] and based on the record in these chapter 11 cases; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: RMBR Liquidation, Inc. (2696); RMBR Liquidation Holdco Corp. (5858); and RMBR Liquidation Holdings Corporation (2354). The location of the Debtors' service address is: 5500 Avion Park Drive, Highland Heights, Ohio 44143.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{1229.002-W0055561.3}

proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having reviewed the Motion ~~and having~~ to, and having considered the absence of objection to the Motion and ~~heard the statements in support of the relief requested therein at the hearing before the Court on~~ the Certification of Counsel (D.I. 422) ~~this Motion~~; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

    A.    The Debtors have all necessary authority to propose and prosecute the Plan and the Disclosure Statement.

    B.    The Debtors have provided adequate notice of the Motion, and the time fixed for filing objections thereto, and no other or further notice need be provided with respect to the Motion.

    C.    The period, set forth below, during which the Debtors may solicit the Plan is a reasonable and adequate period of time under the circumstances for creditors entitled to vote to make an informed decision to accept or reject the Plan, including to make an informed decision to object to the Plan.

    D.    The notices substantially in the forms attached hereto as **Exhibit 2** (the "Confirmation Hearing Notice") and **Exhibit 3** (the "Non-Voting Status - Deemed to Reject Notice" and together with the Confirmation Hearing Notice, the "Notices"), and the procedures set forth below for providing such notices to creditors of the time, date and place of the hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the

"Confirmation Hearing"), and the contents of the Notices comply with Bankruptcy Rules 2002, 3017 and Local Rule 3017-2 and constitute sufficient notice to all interested parties.

E.  The form of the Opt-Out Election Form attached hereto as **Exhibit 4** adequately addresses the particular needs of these chapter 11 cases, and is appropriate for holders of Claims and Interests in Classes 6 and 8 to not grant the voluntary release of the Released Parties contained in Article VIII.D of the Plan (the "Third Party Releases").

F.  The procedures for solicitation and tabulation of votes to accept or reject the Plan (as more fully set out in the Motion and in this Order below) provide for a fair and equitable process, and are consistent with the Bankruptcy Code section 1126. The form of the Ballot attached hereto as **Exhibit 5** is sufficiently consistent with Official Form No. 314, adequately addresses the particular needs of these chapter 11 cases, and is appropriate for the Voting Class to vote to accept or reject the Plan.

NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  The Disclosure Statement is approved on an interim basis under Bankruptcy Code section 1125, Bankruptcy Rule 3017 and Local Rule 3017-2. Any objections to the adequacy of the information contained in the Disclosure Statement are expressly reserved for consideration at the Confirmation Hearing.

3.  The Confirmation Schedule is approved in its entirety unless otherwise modified herein.

4.  The combined hearing on final approval of the adequacy of the Disclosure Statement and confirmation of the Plan is scheduled for **June 12, 2019 at 1:00 p.m. (prevailing Eastern Time)** (the "Confirmation Hearing"). The deadline to file objections to the adequacy of

the Disclosure Statement and confirmation of the Plan is **June 5, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"). The Confirmation Hearing may be continued from time to time by the Court or the Debtors, after consultation with counsel to the Creditors' Committee and the Prepetition Agent, without further notice other than adjournments announced in open court.

5.    Objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, must:

    a.  be in writing;

    b.  conform to the Bankruptcy Rules and Local Rules;

    c.  state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity;

    d.  state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

    e.  be filed, together with a proof of service, with the Court and served so that they are **actually received** by the following parties **on or prior to the Objection Deadline**: (i) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher T. Greco and Derek I. Hunter, and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Spencer A. Winters and Scott J. Vail; (iii) co-counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis and Matthew B. McGuire; (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy J. Fox; (v) proposed co-counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), (a) Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adams and Lauren S. Schlussel, and (b) Connolly Gallagher LLP, 267 East Main Street, Newark, Delaware 19711, Attn: N. Christopher Griffiths;

(vi) the agent under the Debtors' prepetition asset-based facility and prepetition term loan facility, Cortland Capital Market Services LLC (the "Prepetition Agent"), 225 W. Washington St., 9th Floor, Chicago, Illinois 60606, Attn: Maggie Welch and Legal Department; (vii) counsel to the Prepetition Agent, (a) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: David N. Griffiths and Clifford Sonkin, and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington Delaware 19801, Attn: Zachary I. Shapiro.

6. The Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit 2**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d) and 3017(d) and Local Rule 3017-2 and is approved in all respects. The Confirmation Hearing Notice shall be served within three (3) days of the entry of this Order upon (i) all holders of Claims and Interests in Classes 1, 2 and 3, (ii) all other creditors of the Debtors and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002.

7. The Non-Voting Status - Deemed to Reject Notice, substantially in the form attached hereto as **Exhibit 3**, is hereby approved in all respects. The Non-Voting Status - Deemed to Reject Notice shall be served upon all holders of Claims and Interests in Classes 5, 6, 7, and 8 within three (3) days of the entry of this Order.

8. The Opt-Out Election Form, substantially in the form attached hereto as **Exhibit 4**, is hereby approved in all respects. The Opt-Out Election Form shall be served upon all holders of Claims and Interests in Classes 6 and 8 within three (3) days of the entry of this Order.

9. The Debtors shall transmit a package (the "Solicitation Package") containing, (a) a cover letter describing the contents of the Solicitation Package, (b) the Disclosure Statement, the Plan and all exhibits thereto (in hardcopy or on a flash drive in PDF format), (c) this Order (in hardcopy or on a flash drive in PDF format), (d) the Confirmation Hearing Notice, (e) the

Ballot, including voting instructions, and (f) a pre-addressed stamped return envelope to holders of Claims in the Voting Class within three (3) days following entry of this Order.

10. As part of the Solicitation Package, the Debtors shall distribute to creditors entitled to vote on the Plan the ballot based on Official Form No. 314, modified to address the particular circumstances of these Chapter 11 Cases and to include certain additional information that the Debtors believe to be relevant and appropriate for the Voting Class to vote to accept or reject the Plan. The form of Ballot attached hereto as **Exhibit 5** is hereby approved.

11. The deadline to submit Ballots to accept or reject the Plan shall be **June 5, 2019 at 11:59 p.m. (prevailing Eastern Time)** (the "Voting Deadline").

12. Ballots shall be transmitted by mail, as part of the Solicitation Package, to the record holders of claims in the Voting Class. All other holders of Claims and Interests will not be provided with a Ballot because such holders are either unimpaired and presumed to accept the Plan under Bankruptcy Code section 1126(f) or impaired and deemed to reject the Plan under Bankruptcy Code section 1126(g). Such non-voting holders will receive a copy of the Confirmation Hearing Notice and holders of Claims and Interests in Classes 5, 6, 7 and 8 also will receive the Non-Voting Status - Deemed to Reject Notice. In addition to the Non-Voting Status - Deemed to Reject Notice, holders of Claims and Interests in Classes 6 and 8 will also be provided with an Opt-Out Election Form.

13. The procedures set forth in the Motion for effectively casting a Ballot are hereby approved in their entirety. In order to cast a Ballot, parties must (i) fully complete and execute the Ballot and return it by first class mail, over-night courier or hand-delivery to Prime Clerk at the address set forth in the Ballot or (ii) submit it via electronic online transmission through a customized online balloting portal on the Debtors' case website,

https://cases.primeclerk.com/ThingsRemembered,[3] on or before the date that is seven (7) days prior to the Confirmation Hearing.

14. Ballots otherwise sent by facsimile, telecopy, or electronic submissions other than as set forth in the Ballot will **not** be accepted. Only properly completed, executed and timely submitted Ballots will be accepted by the Debtors.

15. The following Ballots shall not be counted in tabulating votes cast to accept or reject the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim or Interest; (b) any Ballot submitted by a party that does not hold a Claim or Interest in a Class that is entitled to vote; (c) any unsigned Ballot; and (d) any Ballot not marked to either accept or reject the Plan, as applicable.

16. The record date for determining which holders of Claims and Interests are to be served with the Solicitation Package and the Notices shall be the date on which this Order is entered (the "Record Date").

17. Unless otherwise set forth herein, the Debtors shall mail only the Confirmation Hearing Notice to parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors also will mail, or cause to be mailed, the Confirmation Hearing Notice and the applicable Non-Voting Status Notice to all known holders of Claims and Interests in Classes that are not entitled to vote on the Plan. The Debtors are authorized to provide in the Confirmation Hearing Notice directions for such parties to obtain (i) electronic copies of the Plan Documents via download from the website maintained by Prime Clerk and (ii) a print copy of the Plan Documents free of charge to the requesting party (but only to the extent so requested of Prime Clerk by telephone, letter or email) to be delivered by Prime Clerk to the requesting party by first class mail.

---

[3] The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the Creditor's electronic signature will be deemed to be an original signature immediately legally valid and effective.

18. The Solicitation Procedures attached hereto as **Exhibit 1** are hereby approved in their entirety, provided that the Debtors reserve the right, after consultation with the Prepetition Agent and the Creditors' Committee, to amend or supplement the Solicitation Procedures and related documents to better facilitate the confirmation process.

19. The Solicitation Procedures for service of the Solicitation Package and the Notices set forth in the Motion satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

20. The Debtors are authorized, after consultation with the Prepetition Agent and the Creditors' Committee, to make changes to the Disclosure Statement, Plan, Solicitation Procedures, Notices, Ballot and related pleadings without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the foregoing documents before their distribution.

21. The Debtors and Prime Clerk are hereby authorized to take any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

22. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this order.

23. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Date: May 7, 2019
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE