IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RMBR LIQUIDATION, INC., *et al.*,[1] | ) Case No. 19-10234 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. No. 391 & 437** |

**ORDER (A) APPROVING THE AUCTION AGREEMENT WITH RESPECT
TO THE SALE OF CERTAIN OF THE DEBTORS' REAL PROPERTY;
(B) AUTHORIZING THE SALE OF SUCH REAL PROPERTY THROUGH
PUBLIC AUCTION; AND (C) WAIVING ONE OR MORE OF THE
INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2**

This matter coming before the Court on the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors") for the entry of an order pursuant to sections 105, 327, 328, 330, and 363 of title 11, United States Code (the "Bankruptcy Code"), rules 2002, 2014, 6004, and 6005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (A) approving the Auction Agreement, attached hereto as **Exhibit 1** with respect to the sale of the Vacant Property; (B) authorizing the sale of the Vacant Property free and clear of all liens, claims and encumbrances through the Auction; and (C) waiving the information requirements of Local Rule 2016-2; and the Court having reviewed the Motion; and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: RMBR Liquidation, Inc. (2696); RMBR Liquidation Holdco Corp. (5858); and RMBR Liquidation Holdings Corporation (2354). The location of the Debtors' service address is: 5500 Avion Park Drive, Highland Heights, Ohio 44143.

[2] Terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012, (ii) venue is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and a final order may be entered on this matter under Article III of the U.S. Constitution, (iv) notice of the Motion was sufficient under the circumstances and no other or further notice is necessary, and (v) a sound business purpose exists for the relief granted herein; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

    A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

    B.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    C.    Approval of the sale of the Vacant Property pursuant to the terms set forth in the Auction Agreement is in the best interests of the Debtors, their creditors, estates, and other parties-in-interest.

    D.    The Debtors have demonstrated a good, sufficient and sound business purpose and justification for the sale of the Vacant Property pursuant to the terms set forth in the Auction Agreement.

    E.    The Debtors may sell the Vacant Property free and clear of all interests of any

kind or nature whatsoever because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized to perform their obligations under and comply with the terms of the Auction Agreement relating to the sale of the Vacant Property, and to consummate such sale, pursuant to and in accordance with the terms and conditions of the Auction Agreement, as outlined herein.

3. The Debtors are authorized to execute and deliver, and empowered to consummate and implement the sale of the Vacant Property pursuant to the terms set forth in the Auction Agreement, and execute and deliver, and perform under, any additional instruments and documents that the Debtors deem necessary or appropriate to implement such sale, and to take all further actions as may be necessary or appropriate to the performance of the obligations as contemplated thereby.

4. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the sale of the Vacant Property under the terms set forth in the Auction Agreement shall be free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever.  Any such interests shall be transferred and attached to the proceeds of the sale with the same validity and priority, and subject to the same defenses, that such liens had against the Vacant Property.

5. The Debtors shall not be required to file a separate motion or seek court approval for any sale or other disposition of the Vacant Property authorized to be sold pursuant to the terms set forth in the Auction Agreement.

6. At the conclusion of the process, the Auctioneers shall prepare, and the Debtors

shall file a report (the "Final Report") with the Court that identifies the buyer, the price paid for the Vacant Property and the Buyer's Premium earned by the Auctioneers with respect to the transaction. For the avoidance of doubt, the Final Report need only describe the information contained in this paragraph, and the Auctioneers shall not be required to keep time records of hours spent performing the services set forth in the Auction Agreement.

7. The Debtors are hereby authorized to retain and employ the Auctioneers as their agent with respect to the liquidation of the Vacant Property, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 6005 and Local Rule 2014-1, on the terms and conditions set forth in the Motion and the Auction Agreement, as may be modified by this Order.

8. The Auctioneers shall be compensated for their services and the Buyer's Premium and the Marketing Expenses may be paid pursuant to the Auction Agreement and any other applicable orders or procedures of this Court.

9. The Auctioneers shall not be subject to any compensation procedures established for professionals in these chapter 11 cases. The Auctioneers are authorized to receive compensation and expenses in accordance with the terms of the Auction Agreement when the compensation and expenses are earned or come due and without the necessity of filing a monthly, interim or final application for compensation with the Court and without further order of the Court.

10. The indemnification provisions set forth in the Auction Agreement are approved, subject to the following:

      a. The Auctioneers shall not be entitled to indemnification, contribution or reimbursement pursuant to the Auction Agreement for services other than those described in the Auction Agreement, unless such services and indemnification are approved by the Court.

b.  The Debtors shall have no obligation to indemnify or provide contribution or reimbursement to the Auctioneers for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Auctioneers' fraud, gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of the Auctioneers' contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which the Auctioneers should not receive indemnity, contribution or reimbursement under the terms of the Auction Agreement.

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, the Auctioneers believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Auction Agreement, including, without limitation, the advancement of defense costs, the Auctioneers must file an application in this Court, and the Debtors may not pay any such amounts to the Auctioneers before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Auctioneers for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify the Auctioneers.

d.  Any limitation of liability or limitation on any amounts to be contributed by the parties to the Auction Agreement under the terms of the Auction Agreement shall be eliminated.

11.  This Order and the terms and provisions of the Auction Agreement shall be binding on all of the Debtors' creditors (whether known or unknown), the Debtors, the Auctioneers, and their respective affiliates, successors, and assigns, and any affected third parties including, but not limited to, all persons asserting an interest in the Vacant Property, notwithstanding any subsequent appointment of any trustee, party, entity, or other fiduciary under any section of the Bankruptcy Code with respect to the forgoing parties, and as to such trustee, party, entity, or other fiduciary, such terms and provisions likewise shall be binding.  The provisions of this Order and the terms and provisions of the Auction Agreement, and any actions

taken pursuant hereto or thereto shall survive the entry of any order which may be entered confirming or consummating any plan(s) of the Debtors or converting the Debtors' cases from chapter 11 to chapter 7, and the terms and provisions of the Auction Agreement, as well as the rights and interests granted pursuant to this Order and the Auction Agreement, shall continue in this or any superseding case and shall be binding upon the Debtors, the Auctioneers and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code. Any trustee appointed in these cases shall be and hereby is authorized to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Order and the Auction Agreement, and the Auctioneers and such trustee shall be and hereby are authorized to perform under the Auction Agreement upon the appointment of such trustee without the need for further order of this Court.

12. To the extent that this Order is inconsistent with the Auction Agreement, the terms of this Order shall govern.

13. This Court shall retain jurisdiction over any and all matters or disputes with respect to any of the relief granted in this Order.

**Dated: May 14th, 2019**
**Wilmington, Delaware**

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE