IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RMBR LIQUIDATION, INC., *et al.*,[1] | ) Case No. 19-10234 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: July 15, 2019 at 11:00 a.m. (ET)** |
| | ) **Objection Deadline: June 19, 2019 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR AN ORDER EXTENDING THEIR EXCLUSIVE PERIODS
TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
THERETO PURSUANT TO BANKRUPTCY CODE SECTION 1121(d)**

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their undersigned counsel, hereby submit the *Debtors' Motion for an Order Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Bankruptcy Code Section 1121(d)* (the "Motion"). In support of the Motion, the Debtors state as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: RMBR Liquidation, Inc. (2696); RMBR Liquidation Holdco Corp. (5858); and RMBR Liquidation Holdings Corporation (2354). The location of the Debtors' service address is: 5500 Avion Park Drive, Highland Heights, Ohio 44143.

1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

2. The statutory bases for the relief sought herein is section 1121(d) of title 11 of Chapter 11 of the United States Code, 11. U.S.C. § 101 *et seq.* (as amended or modified, the "Bankruptcy Code") together with rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. Prior to selling substantially all of their assets as discussed below, the Debtors, along with their non-Debtor Canadian affiliate, were the leading retailer of personalized gifts and merchandise in North America. Their retail approach focused on customized gifts for milestone occasions such as weddings, birthdays, holidays, and graduations. As a multi-channel retailer, the Debtors offered their merchandise through their catalog, their e-commerce website, and approximately 400 stores in shopping malls throughout the United States and Canada.

4. As of the Petition Date, each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

5. On February 15, 2019, the office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").

---

[2] Pursuant to Local Rule 9013-1(f), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. On March 6, 2019, the Court entered the *Order (A) Approving the Asset Purchase Agreement, (B) Authorizing the Sale of Assets, (C) Authorizing the Assumption and Assignment of Contracts and Leases, and (D) Granting Related Relief* [D.I. 292] (the "Sale Order") approving, among other things, the sale of substantially all of the Debtors' assets to Enesco Properties, LLC pursuant to the court-approved asset purchase agreement (the "Sale"). The Sale closed on March 8, 2019 (the "Closing Date") and in accordance with the Sale Order, the Debtors filed the *Notice of Filing Final Asset Purchase Agreement* [D.I. 307] on March 11, 2019.

7. On April 24, 2019, the Debtors filed the *Disclosure Statement for the Joint Chapter 11 Plan of RMBR Liquidation, Inc. and Its Debtor Affiliates* [D.I. 384] (including all exhibits thereto and as amended, supplemented, revised, or otherwise modified from time to time, the "Disclosure Statement") and the *Joint Chapter 11 Plan of RMBR Liquidation, Inc. and Its Debtor Affiliates* [D.I. 383] (including all exhibits thereto and as amended, supplemented, revised, or otherwise modified from time to time, the "Plan"). In connection therewith, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief* [D.I. 385] (the "Solicitation Motion").

8. On May 7, 2019, the Court entered the order [D.I. 428] approving the Disclosure Statement on an interim basis, establishing certain solicitation procedures and scheduling a combined hearing on final approval of the adequacy of the Disclosure Statement and confirmation of the Plan for June 12, 2019 (the "Confirmation Hearing").

{1229.002-W0056256.3}

3

## RELIEF REQUESTED

9. By this Motion, the Debtors request the entry of an order, pursuant to Bankruptcy Code section 1121(d) and Bankruptcy Rule 9006(b)(1) granting a sixty (60) day extension of the original period one hundred and twenty (120) days after the commencement of the Chapter 11 Cases, during which the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Plan Period"). The Debtors also seek a sixty (60) day extension of the original one hundred and eighty (180) day period after the commencement of the Chapter 11 Cases to obtain acceptance of a plan, during which time competing plans may not be filed (the "Solicitation Period" and together with the Exclusive Plan Period, the "Exclusive Periods"). Currently, the Exclusive Periods are set to expire on June 6, 2019 and August 5, 2019, respectively.[3] The Debtors request a sixty (60) day extension of the Exclusive Periods to August 5, 2019 and October 4, 2019, respectively, pursuant to Bankruptcy Code section 1121(d).

10. Such an extension of the Exclusive Periods is without prejudice to the rights of the Debtors to seek further extensions thereof.

## BASIS FOR RELIEF

11. The Court is authorized to extend a Debtor's exclusive periods upon a demonstration of cause, pursuant to Bankruptcy Code section 1121(d), which provides:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d).

---

[3] Pursuant to Local Rule 9006-2, the deadline shall be automatically extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

{1229.002-W0056256.3}

4

12. Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a Debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231, 232 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a Debtor's interest by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

13. In determining whether a Debtor has had an adequate opportunity to negotiate a chapter 11 plan, a court should consider a variety of factors to assess the totality of circumstances affecting whether or not "cause" exists to extend the Exclusive Periods. *In re McLean Industries, Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). The *McLean Industries* court held that the relevant factors are:

    (a)    the size and complexity of the Debtor's case;

    (b)    the existence of good faith progress towards reorganization;

    (c)    a finding that the Debtor is not seeking to extend exclusivity to pressure creditors "to accede to [the Debtor's] reorganization demands";

    (d)    existence of an unresolved contingency; and

    (e)    the fact that the Debtor is paying its bills as they come due.

*McLean Industries*, 87 B.R. at 834 (citations omitted).

14. An application of the foregoing standards to the facts of the Chapter 11 Case demonstrates sufficient "cause" to grant the Debtors' requested extensions.

**A.    The Size and Complexity of the Debtors' Case**

15. In *McLean Industries* and numerous other cases, courts have identified size and complexity of a chapter 11 case as a determining factor of whether a court should grant an extension of the exclusive periods. *See, e.g., In re Central Jersey Airport Services*, 282 B.R.

176, 184 (Bankr. D. N.J. 2002); *In re Texaco, Inc.*, 76 B.R. 322. 326 (Bankr. S.D. N.Y. 1987) (finding "cause" to extend exclusivity based on size of case); *In re Manville Forest Prods. Corp.*, 31 B.R. 991, 995 (S.D.N.Y. 1983) ("[T]he sheer mass, weight, volume and complications of the Manville filings undoubtedly justify a shakedown period").

16. While this is not a "mega" or overly complex case, it presents its own unique issues. Since the Petition Date, the Debtors' primary focus was on maximizing value for all stakeholders through the sale process. Since the Sale closed, the Debtors' attention has focused on negotiating and seeking approval of a confirmable, if not consensual, plan.

17. The Debtors also have prepared and filed a number of other operational and procedural motions to ensure that this case moves forward as expeditiously as possible. Since the Petition Date, the Debtors have expended considerable time and effort by:

    a. handling countless operational issues, including responding to creditor, customer, financial institution, and vendor concerns and questions;

    b. preparing and filing the Debtors' schedules and statements of financial affairs and the amended versions thereof;

    c. preparing for and attending the formation meeting of the Creditors' Committee and the section 341 meeting of creditors;

    d. marketing, negotiating and selling the Debtors' assets;

    e. preparing, negotiating and finalizing a plan with interested parties;

    f. drafting, finalizing and filing the Plan and the Disclosure Statement; and

    g. reviewing and analyzing proofs of claim and proofs of interest filed in the Chapter 11 Cases.

18.     Since the Petition Date, the Debtors have consulted with the U.S. Trustee on all material matters that have arisen in the bankruptcy cases and have provided detailed updates as to the Debtors' cash position and assets. The Debtors also consistently have conferred with counsel to the Creditors' Committee to discuss the status and direction of these cases, including the formulation of the Plan.

### B.     Progress Toward Development of a Consensual Plan

19.     Following the closure of the Sale, the Debtors developed and filed the Plan, the Disclosure Statement and the Solicitation Motion. On May 7, 2019, the Court approved the Disclosure Statement on an interim basis and established procedures for the solicitation of acceptances of the Plan. The Debtors currently are soliciting acceptances of the Plan and preparing for the Confirmation Hearing, which is scheduled for June 12, 2019.

### C.     The Debtors are Requesting Extensions of the Exclusive Periods for Appropriate Purposes

20.     The Debtors are seeking extensions of the Exclusive Periods to enable the Debtors to complete solicitation of the Plan and obtain confirmation thereof – not for the purpose of pressuring creditors to accede to any demands. *McLean Industries*, 87 B.R. at 834.

21.     Since the Petition Date, the Debtors have worked closely with their stakeholders and have complied with the obligations placed on the Debtors under the Bankruptcy Code. In meeting its fiduciary duties to their creditors, the Debtors have recognized the need to deal with all parties in interest in these cases, and have conferred with these constituencies on every major substantive and administrative matter, attempting to reach agreement or a compromise to avoid lengthy and expensive disputes, including with respect to the Plan.

22.     The Debtors' request to extend the Exclusive Periods is made in good faith and will afford the Debtors an opportunity to continue to prosecute their Plan, without the distraction

of any competing plans. Extending the Exclusive Periods will provide the Debtors with the opportunity to continue their negotiations with parties in interest regarding the Plan and the terms thereof. In light of this, it cannot be said that the Debtors have sought an extension of the Exclusive Periods for any improper purpose.

**D.     An Extension of the Exclusive Periods is Required to Resolve Contingencies**

23.     While the Plan has been filed, the Debtors still must obtain final approval of the Disclosure Statement and confirmation of the Plan. If the Court does not approve the Disclosure Statement on a final basis or confirm the Plan, the Debtors will require additional time to address the Court's concerns. Accordingly, an extension is required to allow the Debtors to obtain final approval of the Disclosure Statement and to seek confirmation of the Plan, without the distraction of any competing plans.

**E.     The Debtors are Paying their Ongoing Expenses as they Become Due**

24.     Since the inception of these Chapter 11 Cases, the Debtors have been paying their bills as they become due. The Debtors' prudent decisions regarding their assets and their diligent efforts to maximize value for stakeholders through the Sale have enhanced the Debtors' bankruptcy estates. This position has only improved since the closing of the Sale and the infusion of the Sale proceeds.

25.     The Debtors also note that relief similar to that requested in this Motion has been granted to other Debtors in this jurisdiction in other chapter 11 cases. *See, e.g., Claire's Stores, Inc., et al.*, No. 18-10584 (Bankr. D. Del. Aug. 17, 2018) (Walrath, J.); *Dendreon Corp., et al.*, No. 14-12515 (Bankr. D. Del. Apr. 10, 2015) (Silverstein, J.); *Phoenix Payment Systems, Inc.*, No. 14-11848 (Bankr. D. Del. Dec. 19, 2014) (Walrath, J.); *USEC Inc.*, No. 14-10475 (Bankr. D. Del. June 27, 2014) (Sontchi, J.); *NEC Holdings Corp.*, No. 10-11890 (Bank. D. Del. Oct. 4, 2010) (Walsh, J.); *Centaur, LLC*, No. 10-10799 (Bank. D. Del. July 28, 2010) (Carey, J.); *GRA*

*Liquidation, Inc.*, No. 09-10170 (Bankr. D. Del. June 15, 2009) (Carey, J.); *In re New Century TRS Holdings, Inc.*, No. 07-10416 (Bankr. D. Del. January 22, 2008) (Carey, J.); *In re Nellson Nutraceutical, Inc.*, No. 06-10072 (Bankr. D. Del. March 12, 2007) (Sontchi, J.).

26. The Debtors have continued to comply with their obligations under the Bankruptcy Code and have worked closely and diligently with other parties in interest on an array of issues, including the terms of the filed Plan. Allowing this relatively modest extension of the Exclusive Periods will allow the Debtors a full and fair opportunity to seek final approval of the Disclosure Statement, finish soliciting acceptances of the Plan, seek confirmation thereof, engage in informed and productive negotiations with parties in interest, and is appropriate under the circumstances of these Chapter 11 Cases. Indeed, the extension of the Exclusive Periods will allow the Debtors to undertake these endeavors, without the deterioration and disruption of the Debtors' bankruptcy cases that might be caused by the filing of competing plans by non-Debtor parties. The requested extension of the Exclusive Periods of sixty (60) days to August 5, 2019 and October 4, 2019, respectively, does not prejudice any parties in interest.

## NOTICE AND NO PRIOR REQUEST

27. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the U.S. Trustee; (b) the Creditors Committee; (c) the agent under the Debtors' prepetition asset-based facility and prepetition term loan facility (the "Prepetition Agent"); (d) counsel to the Prepetition Agent; and (e) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

28. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) granting the relief requested by the Motion and extend the Exclusive Plan Period through and including August 5, 2019 and extend the Solicitation Period through and up to October 4, 2019; and (ii) granting such other and further relief as is just and proper.

Dated: June 5, 2019
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Kimberly A. Brown

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:    (302) 467-4400
Facsimile:    (302) 467-4450
Email:    landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**KIRKLAND & ELLIS LLP**
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    christopher.greco@kirkland.com
derek.hunter@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
Spencer A. Winters (admitted *pro hac vice*)
Catherine Jun
300 North LaSalle
Chicago, Illinois 60654
Telephone:	(312) 862-2000
Facsimile:	(312) 862-2200
Email:	spencer.winters@kirkland.com
	catherine.jun@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*