IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| RMBR LIQUIDATION, INC., *et al.*,[1] | ) Case No. 19-10234 (KG) |
| Debtors. | ) (Jointly Administered) |

**AMENDED[2] NOTICE OF AGENDA FOR THE HEARING ON JUNE 12, 2019, AT 1:00 P.M. (PREVAILING EASTERN TIME), BEFORE THE HONORABLE KEVIN GROSS AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, LOCATED AT 824 NORTH MARKET STREET, 6TH FLOOR, COURTROOM NO. 3, WILMINGTON, DELAWARE 19801[3]**

## RESOLVED MATTERS:

1.  Second Monthly and Final Application of Malfitano Advisors, LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Asset Disposition Advisor and Consultant for the Debtors for the Period from February 6, 2019 through March 31, 2019 [Docket No. 398, filed 4/26/19]

    Response Deadline: May 17, 2019 at 4:00 p.m. (ET).

    Responses Received: None.

    Related Documents:

    A.  First Monthly Application of Malfitano Advisors, LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Asset Disposition Advisor and Consultant for the Debtors for the Period from February 6, 2019 through February 28, 2019 [Docket No. 315, filed 3/15/19]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: RMBR Liquidation, Inc. (2696); RMBR Liquidation Holdco Corp. (5858); and RMBR Liquidation Holdings Corporation (2354). The location of the Debtors' service address is: 5500 Avion Park Drive, Highland Heights, Ohio 44143.

[2] **Amended items appear in bold.**

[3] Any party who wishes to attend telephonically is required to make arrangements prior to the hearing through CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946).

{1229.002-W0056350.}

  B. Certificate of No Objection Regarding First Monthly Application of Malfitano Advisors, LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Asset Disposition Advisor and Consultant for the Debtors for the Period from February 6, 2019 through February 28, 2019 [Docket No. 363, filed 4/8/19]

  C. Certificate of No Objection Regarding Second Monthly and Final Application of Malfitano Advisors, LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Asset Disposition Advisor and Consultant for the Debtors for the Period from February 6, 2019 through March 31, 2019 [Docket No. 453, filed 5/20/19]

  D. Order Approving Second Monthly and Final Application of Malfitano Advisors, LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Asset Disposition Advisor and Consultant for the Debtors for the Period from February 6, 2019 through March 31, 2019 [Docket No. 464, entered 5/23/19]

 Status: An order has been entered.

2. Motion to Extend the Time Period within Which the Debtors May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure [Docket No. 433, filed 5/7/19]

 Response Deadline: May 21, 2019 at 4:00 p.m. (ET).

 Responses Received: None.

 Related Documents:

  A. Certificate of No Objection Regarding Motion to Extend the Time Period within Which the Debtors May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure [Docket No. 461, filed 5/22/19]

  B. Order Granting the Debtors' Motion to Extend the Time Period within Which the Debtors May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure [Docket No. 463, entered 5/23/19]

 Status: An order has been entered.

**MATTER GOING FORWARD:**

3. Motion of the Debtors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief [Docket No. 385, filed on 4/24/19].

   Response Deadline: June 5, 2019 at 4:00 p.m. (ET).

   Responses Received:

   A. Informal comments received from the Office of the United States Trustee.

   B. Informal comments received from the Texas Comptroller of Public Accounts.

   C. Informal comments received from Aronov Realty Management, Brookfield Property REIT Inc., Centennial Real Estate Company, LLC, Kravco Company LLC, Montebello Town Center Investors LLC, St Mall Owner, LLC, YTC Mall Owner, LLC, Starwood Retail Partners LLC, The Macerich Company

   D. The County of Denton, Texas, The County of Williamson, Texas, and The County of Midland Central Appraisal District, Texas, Objection to the Debtors' Amended Joint Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Docket No. 430, filed on 5/7/19]

   E. Maricopa County Treasurer's Objection to Joint Plan of RMBR Liquidation, Inc., and its Debtor Affiliates [Docket No. 443, filed on 5/14/19]

   F. Objection by the United States to the Debtors' Revised Joint Chapter 11 Plan of Liquidation [Docket No. 489, filed on 6/6/19]

   Related Documents:

   A. Joint Chapter 11 Plan of RMBR Liquidation, Inc. and Its Affiliates [Docket No. 383, filed on 4/24/19].

   B. Disclosure Statement for the Joint Chapter 11 Plan of RMBR Liquidation, Inc. and Its Debtor Affiliates [Docket No. 384, filed on 4/24/19].

C.     Order Granting Debtors' Motion to Shorten Time for Notice of Motion of the Debtors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief [Docket No. 390, entered on 4/25/19].

D.     Notice of Hearing Regarding Motion of the Debtors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief [Docket No. 393, filed on 4/25/19].

E.     Notice of Filing Revised Copy of Joint Plan of RMBR Liquidation, Inc. and Its Debtor Affiliates [Docket No. 420, filed on 5/6/19].

F.     Notice of Filing Revised Copy of the Disclosure Statement for the Joint Plan of RMBR Liquidation, Inc. and Its Debtor Affiliates [Docket No. 421, filed on 5/6/19].

G.     Certification of Counsel [Docket No. 422, filed on 5/6/19]

H.     Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief [Docket No. 428, entered on 5/7/19].

I.     Notice of Filing Revised Copy of Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of RMBR Liquidation, Inc. and Its Affiliates [Docket No. 431, filed on 5/7/19].

J.     Notice of Filing Plan Supplement [Docket No. 472, filed on 5/29/19]

K.     Declaration of Craig Johnson of Prime Clerk LLC regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Joint Chapter 11 Plan of RMBR Liquidation, Inc. and its Debtor Affiliates [Docket No. 491, filed on 6/10/19]

L.     Declaration of Brett Witherell in Support of Confirmation of the Joint Chapter 11 Plan of RMBR Liquidation, Inc. and Its Debtor Affiliates [Docket No. 492, filed on 6/10/19]

M.     Memorandum of Law in Support of (A) Final Approval of the Disclosure Statement and (B) Confirmation of the Plan [Docket No. 493, filed on 6/10/19]

N.  Notice of Filing Proposed Confirmation Order [Docket No. 495, filed on 6/10/19]

Status: This matter is going forward with respect to final approval of the Disclosure Statement and confirmation of the Plan. The objections and informal comments to confirmation of the Plan and the Debtors' responses thereto are identified on **Exhibit A** attached hereto.

## INTERIM FEE APPLICATIONS:

4.  First Interim Fee Application of Prime Clerk LLC, Administrative Advisor to the Debtors, for the Period from February 6, 2019 through and including March 31, 2019 [Docket No. 403, filed 4/30/19]

    Response Deadline: May 21, 2019 at 4:00 p.m. (ET).

    Responses Received: None.

    Related Documents:

    A.  Monthly Application of Prime Clerk LLC, Administrative Advisor to the Debtors, for Compensation and Reimbursement of Expenses for the Period from February 6, 2019 through February 28, 2019 [Docket No. 333, filed 3/25/19]

    B.  Certificate of No Objection Regarding Monthly Application of Prime Clerk LLC, Administrative Advisor to the Debtors, for Compensation and Reimbursement of Expenses for the Period from February 6, 2019 through February 28, 2019 [Docket No. 374, filed 4/17/19]

    C.  Monthly Application of Prime Clerk LLC, Administrative Advisor to the Debtors, for Compensation and Reimbursement of Expenses for the Period from March 1, 2019 through March 31, 2019 [Docket No. 377, filed 4/22/19]

    D.  Certificate of No Objection Regarding Monthly Application of Prime Clerk LLC, Administrative Advisor to the Debtors, for Compensation and Reimbursement of Expenses for the Period from March 1, 2019 through March 31, 2019 [Docket No. 460, filed 5/22/19]

    E.  Certification of Counsel Regarding Order Approving First Interim Fee Applications [Docket No. 494, filed on 6/10/19]

    F.  **Omnibus Order Approving First Interim Fee Applications [Docket No. 497, entered on 6/10/19]**

    **Status: An order has been entered.**

5.  First Interim Fee Application of Kelley Drye & Warren LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors of RMBR Liquidation, Inc., et al. for the Period From February 15, 2019 Through and Including March 31, 2019 [Docket No. 412, filed 5/2/19]

   Response Deadline: May 21, 2019 at 4:00 p.m. (ET).

   Responses Received: None.

   Related Documents:

   A.  First Monthly Fee Application of Kelley Drye & Warren LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors of Things Remembered, Inc., et al., for the Period from February 15, 2019 Through and Including February 28, 2019 [Docket No. 357, filed 4/2/19]

   B.  Certificate of No Objection Regarding First Monthly Fee Application of Kelley Drye & Warren LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors of Things Remembered, Inc., et al., for the Period from February 15, 2019 Through and Including February 28, 2019 [Docket No. 379, filed 4/24/19]

   C.  Second Monthly Fee Application of Kelley Drye & Warren LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors of RMBR Liquidation, Inc., et al., for the Period From March 1, 2019 Through and Including March 31, 2019 [Docket No. 404, filed 4/30/19]

   D.  Certificate of No Objection Regarding Second Monthly Fee Application of Kelley Drye & Warren LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors of RMBR Liquidation, Inc., et al., for the Period From March 1, 2019 Through and Including March 31, 2019 [Docket No. 457, filed 5/22/19]

   E.  Certification of Counsel Regarding Order Approving First Interim Fee Applications [Docket No. 494, filed on 6/10/19]

   **F.  Omnibus Order Approving First Interim Fee Applications [Docket No. 497, entered on 6/10/19]**

   **Status: An order has been entered.**

6.    First Interim Application of Connolly Gallagher LLP for Compensation for Services Rendered as Delaware Counsel to the Official Committee of Unsecured Creditors of RMBR Liquidation, Inc., et al., for the Period February 18, 2019 through March 31, 2019 [Docket No. 413, filed 5/2/19]

       <u>Response Deadline</u>: May 21, 2019 at 4:00 p.m. (ET).

       <u>Responses Received</u>: None.

       <u>Related Documents</u>:

         A.   First Monthly Application of Connolly Gallagher LLP for Compensation for Services Rendered and for Reimbursement of Expenses as Delaware Counsel to the Official Committee of Unsecured Creditors of Things Remembered, Inc., et al., for the Period February 18, 2019 through February 28, 2019 [Docket No. 358, filed 4/2/19]

         B.   Certificate of No Objection Regarding First Monthly Application of Connolly Gallagher LLP for Compensation for Services Rendered and for Reimbursement of Expenses as Delaware Counsel to the Official Committee of Unsecured Creditors of Things Remembered, Inc., et al., for the Period February 18, 2019 through February 28, 2019 [Docket No. 380, filed 4/24/19]

         C.   Second Monthly Application of Connolly Gallagher LLP for Compensation for Services Rendered and for Reimbursement of Expenses as Delaware Counsel to the Official Committee of Unsecured Creditors of RMBR Liquidation, Inc., et al., for the Period March 1, 2019 through March 31, 2019 [Docket No. 405, filed 4/30/19]

         D.   Certificate of No Objection Regarding Second Monthly Application of Connolly Gallagher LLP for Compensation for Services Rendered and for Reimbursement of Expenses as Delaware Counsel to the Official Committee of Unsecured Creditors of RMBR Liquidation, Inc., et al., for the Period March 1, 2019 through March 31, 2019 [Docket No. 458, filed 5/22/19]

         E.   Certification of Counsel Regarding Order Approving First Interim Fee Applications [Docket No. 494, filed on 6/10/19]

         **F.**   **Omnibus Order Approving First Interim Fee Applications [Docket No. 497, entered on 6/10/19]**

       **Status: An order has been entered.**

7. First Interim Application for Compensation and Reimbursement of Expenses of Province, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from February 15, 2019 through March 31, 2019 [Docket No. 414, filed 5/2/19]

   Response Deadline: May 21, 2019 at 4:00 p.m. (ET).

   Responses Received: None.

   Related Documents:

   A. First Monthly Application for Compensation and Reimbursement of Expenses of Province, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from February 15, 2019 through February 28, 2019 [Docket No. 359, filed 4/2/19]

   B. Certificate of No Objection Regarding First Monthly Application for Compensation and Reimbursement of Expenses of Province, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from February 15, 2019 through February 28, 2019 [Docket No. 381, filed 4/24/19]

   C. Second Monthly Application for Compensation and Reimbursement of Expenses of Province, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from March 1, 2019 through March 31, 2019 [Docket No. 406, filed 4/30/19]

   D. Certificate of No Objection Regarding Second Monthly Application for Compensation and Reimbursement of Expenses of Province, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from March 1, 2019 through March 31, 2019 [Docket No. 459, filed 5/22/19]

   E. Certification of Counsel Regarding Order Approving First Interim Fee Applications [Docket No. 494, filed on 6/10/19]

   F. **Omnibus Order Approving First Interim Fee Applications [Docket No. 497, entered on 6/10/19]**

   **Status: An order has been entered.**

8. Interim Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors In Possession, for the Period from February 6, 2019 through and including March 31, 2019 [Docket No. 448, filed 5/15/19]

   Response Deadline: June 5, 2019 at 4:00 p.m. (ET).

   Responses Received: None.

Related Documents:

    A.    First Monthly Fee Statement of Kirkland & Ellis LLP and Kirkland & Ellis International LLP for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from February 6, 2019 through February 28, 2019 [Docket No. 319, filed 3/19/19]

    B.    Certificate of No Objection Regarding First Monthly Fee Statement of Kirkland & Ellis LLP and Kirkland & Ellis International LLP for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from February 6, 2019 through February 28, 2019 [Docket No. 368, filed 4/10/19]

    C.    Second Monthly Fee Statement of Kirkland & Ellis LLP and Kirkland & Ellis International LLP for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from March 1, 2019 through March 31, 2019 [Docket No. 402, filed 4/29/19]

    D.    Certificate of No Objection Regarding Second Monthly Fee Statement of Kirkland & Ellis LLP and Kirkland & Ellis International LLP for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from March 1, 2019 through March 31, 2019 [Docket No. 462, filed 5/22/19]

    E.    Certification of Counsel Regarding Order Approving First Interim Fee Applications [Docket No. 494, filed on 6/10/19]

    **F.**    **Omnibus Order Approving First Interim Fee Applications [Docket No. 497, entered on 6/10/19]**

**Status: An order has been entered.**

9.    First Interim Fee Application of Landis Rath and Cobb LLP [Docket No. 449, filed 5/15/19]

    Response Deadline: June 5, 2019 at 4:00 p.m. (ET).

    Responses Received: None.

    Related Documents:

    A.    First Monthly Application of Landis Rath & Cobb LLP, Bankruptcy Counsel to the Debtors and Debtors-In-Possession, for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 [Docket No. 325, filed 3/21/19]

B.  Certificate of No Objection Regarding First Monthly Application of Landis Rath & Cobb LLP, Bankruptcy Counsel to the Debtors and Debtors-In-Possession, for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 [Docket No. 370, filed 4/12/19]

C.  Second Monthly Application of Landis Rath & Cobb LLP, Bankruptcy Counsel to the Debtors and Debtors-In-Possession, for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 [Docket No. 399, filed 4/26/19]

D.  Certificate of No Objection Regarding Second Monthly Application of Landis Rath & Cobb LLP, Bankruptcy Counsel to the Debtors and Debtors-In-Possession, for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331  [Docket No. 454, filed 5/20/19]

E.  Certification of Counsel Regarding Order Approving First Interim Fee Applications [Docket No. 494, filed on 6/10/19]

F.  **Omnibus Order Approving First Interim Fee Applications [Docket No. 497, entered on 6/10/19]**

**Status:**  **An order has been entered.**

Dated: June 11, 2019
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew R. Pierce

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:     (302) 467-4400
Facsimile:       (302) 467-4450
Email:             landis@lrclaw.com
                       mcguire@lrclaw.com
                       brown@lrclaw.com
                       pierce@lrclaw.com

-and-

**KIRKLAND & ELLIS LLP**
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: christopher.greco@kirkland.com
derek.hunter@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
Spencer A. Winters (admitted *pro hac vice*)
Catherine Jun
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: spencer.winters@kirkland.com
catherine.jun@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

# **<u>EXHIBIT A</u>**

{1229.002-W0056350.}

| *Travis County's Objection to the Amended Joint Chapter 11 Plan of RMBR Liquidation, Inc. and Its Debtor Affiliates* [D.I. 435] ||
|---|---|
| **Objection** | **Response** |
| The Plan fails to provide for payment of the full amount of Travis County's claim pursuant to 11 U.S.C. §§ 511 and 1129. | The Debtors have modified the proposed Confirmation Order to provide for the payment full payment of Travis County's tax claim and believe that they have resolved this objection in principle. |
| *Maricopa County Treasurer's Objection to Joint Plan of RMBR Liquidation, Inc. and Its Debtor Affiliates* [D.I. 443] ||
| **Objection** | **Response** |
| Option (ii) of Class 1 incorrectly provides that payments will commence on the Effective Date of the Plan and continue for five years after the Effective Date. Plan, p. 13, Class 1. Should the Debtors choose Option (ii) to pay the MCT Secured Tax Claim, the Bankruptcy Code requires that the taxes be paid in full within five years of the Petition Date. 11 U.S.C. 1129 (a)(9)(C)(ii) and (D). | The Debtors have modified the proposed Confirmation Order to address the concerns of the Maricopa County Treasurer and believe they have resolved this objection in principle. |
| The Plan appears to incorrectly provide for the accrual of interest on the MCT Secured Tax Claim after the Effective Date. The Plan should provide for the accrual of post-petition statutory interest at the rate of 16% per annum on the MCT Secured Tax Claim until the related taxes and interest are paid in full. | The Debtors have modified the proposed Confirmation Order to address the concerns of the Maricopa County Treasurer and believe they have resolved this objection in principle. |
| *Objection by the United States to the Debtors' Revised Joint Chapter 11 Plan of Liquidation* [D.I. 489] ||
| **Objection** | **Response** |
| The United States objects to the definition of "Allowed" in Article I.A.7 to the extent that it defines claims as Allowed "except as otherwise provided in the Plan". | The definition of "Allowed" is proper. Notwithstanding the foregoing, the Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |
| The United States objects to Article I.A, Article III.A and Article VI.G of the Plan to the extent the Plan fails to provide for the payment of interest on administrative expense claims of the United States. | The Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |

| | |
|---|---|
| The United States objects to Article I.A.4 of the Plan to the extent the Plan purports to set an administrative claims bar date for taxes described in 11 U.S.C. Section 503(b)(1)(B) and (C) in violation of Section 503(b)(1)(D) of the Bankruptcy Code. This provision violates not only Section 503(b)(1)(D) of the Bankruptcy Code but Delaware Local Bankruptcy Rule 3002-1(a). | The Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |
| The United States objects to Article III.C of the Plan which provides "[u]nless otherwise Allowed, Claims that are Unimpaired Claims shall remain Disputed Claims under the Plan" because the treatment of Unimpaired Claims as Disputed Claims is fundamentally inconsistent with the Bankruptcy Code. | The Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |
| The United States objects to the third party non-debtor limitation of liability, exculpation, injunction and release provisions set forth in Article VIII of the Plan. | The Third Party Releases are fully consensual and may be approved on the basis that they are premised upon the releasing creditor's consent. Notwithstanding the foregoing, the Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |
| The United States objects to the Plan to the extent it fails to preserve the setoff and recoupment rights of the United States. | The recoupment language in the Plan is consistent with Third Circuit law. Article VIII.E explicitly provides that only "to the extent permitted by applicable law" is recoupment enjoined. Accordingly, any party that purports to hold a setoff right can assert, at a future date if and when the issue actually arises, that their recoupment right is preserved under applicable law. Notwithstanding the foregoing, the Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |
| The United States objects to Article VII.F. of the Plan because it contravenes Bankruptcy Rules of Federal Procedure. | The Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |
| The United States objects to Article VII.G of the Plan to the extent that it provides "[o]n or after the applicable bar date, a Claim may not be Filed or amended without prior authorization of | The Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |

| | |
|---|---|
| the Bankruptcy Court or the Post-Effective Date Debtors. | |
| The United States objects to the provisions in Article IV.A and throughout the Plan which purport to treat the claims and causes of action of the United States as having been settled pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. | The Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |
| The United States objects to the procedures governing the rejection of contracts set forth in Article VI.A. | The Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |
| The United States objects to Article XII.A of the Plan because the Debtors are attempting to waive the automatic stay protections for creditors under 3020(e), 6004(h) or 7062 of the Federal Bankruptcy Rules. | The Debtors are conferring with the United States regarding its objection and believe that they have reached a resolution in principle. |
| **Informal comments received from Aronov Realty Management, Brookfield Property REIT Inc., Centennial Real Estate Company, LLC, Kravco Company LLC, Montebello Town Center Investors LLC, St Mall Owner, LLC, YTC Mall Owner, LLC, Starwood Retail Partners LLC, The Macerich Company** ||
| **Informal Comment** | **Response** |
| The Plan seeks to improperly cut off a landlord's right to assert a setoff or recoupment against the Debtors. | The Debtors have modified the proposed Confirmation Order to address the informal comments of the landlords and believe that they have reached a resolution in principle. |
| Landlords should be included as "current or former suppliers to or customers of the Debtors," | The Debtors have modified the proposed Confirmation Order to address the informal comments of the landlords and believe that they have reached a resolution in principle. |
| **Informal Comments of the United States Trustee** ||
| **Informal Comment** | **Response** |
| The United States Trustee had informal comments to the proposed confirmation order. | The Debtors are conferring with the United States Trustee regarding its comments and believe that they have reached a resolution in principle. |

| Informal Comments of Texas Comptroller ||
|---|---|
| **Informal Comment** | **Response** |
| The Debtors received informal comments from the Texas Comptroller of Public Accounts. | The Debtors have modified the proposed Confirmation Order to address the concerns of the Texas Comptroller and believe they have reached a resolution in principle. |